UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



GODFREY A JELKS
        Plaintiff

-against-

GREENTREE SERVICING LLC

       Defendant

CV 13- 1367

Index #
Complaint

Pro Se

Jury Adjudication

ORIGINAL

RECEIVED
MAR 13 2013
PRO SE OFFICE

MAUSKOPF, J.

      Plaintiff GODFREY A JELKS , above who is acting Pro Se, or acting

As his own attorney, complaining of Defendant, Greentree Servicing LLC,

Above named, respectfully sets forth and alleges:

    1. At all times hereinafter mentioned, plaintiff GODFREY A JELKS is the owner

Of three family dwelling located at 647 Sheffield Avenue Brooklyn, New York 11207.

    2. The Defendant hereinafter known as "GREENTREE", formely known as Conseco

Credit Corp resides at 7360 South Kyrene Road Tempe AZ85283 the New York State

Headquarters are located 580 White Plains Rd. 3rd Floor Tarrytown, NY 10591. The

Defendant retains Cohn & Roth 100 East Old Country Road Mineola, NY 11501 for

Serving of legal papers.

    3. The Plaintiff, GODFREY A JELKS placed the dwelling up as security for a loan.

This was to be refinanced in the amount of US $155,200.00 The agreement or "NOTE"

Was to make 360 payments of $1533.53 on the 13th of each month commencing

March 13,2002. The Plaintiff believes he owes about $153,000 on the

Principal in which he agreed to a 11.3% interest rate as of 2002

4) The Defendant does not issue coupon books to make payments, but used
A monthly billing or invoice each month to demand payments on the part of
The borrower.

5) In litigation in Federal Court CV 04 3924 the plaintiff GODFRE Y A JELKS
Accused the defendant of deferring payments and not properly disclosing amounts
Or figures as well as dates, inserting improper amounts and months in default
Notices. Disregarding grace periods as well as not sending out invoices on time
At different intervals, and charging the plaintiff unreasonable costs or penalties.
The defendant Green Tree F/K/A Conseco Finance denied receiving bank
Wires $4850, $4000, $1500 at United Miners Bank Minneapolis Minnesota.
Alleged requested by an employee identified in customer service as Lee Ann.
The defendant agreed to make the account current April 14,2005 in exchange
For Plaintiff Jelks dropping causes of action against Green Tree . Green Tree
And Plaintiff Jelks agreed to certain monies some $9000 placed on the back
End of the loan. The Real Estate Settlement Procedures Act (RESPA
(12 U.S.C.Section 2601 et seq.) was cited as the right to bring the action

6) There was an issue of a  bounced  check and disputes about not receiving

A monthly statements . Green Tree cut off the account with intent to

Seek forclosure around 9/20/05 . They claimed a right to charge a legal

Fee  to Attorney Cohen & Roth. The fee was  $1800 along with various

Payments  and charges claimed. We could not agree on the payment of $1800

So the matter  inventually went to  Arbitrator Jeffrey Saltiel who rule there

Was a default . The Plaintiff Jelks appealed this ruling under  Second Dept

    10- 570 The· counter  claim and an additional claim concerning a charge

Of $15365  costs billed to  Plaintiff  under a claimed Mortgage  Stipulation

TITLE – " Mortgagor will defend title to the property against any claims that

Would impair the lien of this Security Instrument " .  Judge David Schmidt

Rejected the  Green Tree  claim for  legal expense $15365  in lis pendens to  index
26448/-06

Expense  $270,000 .  This is Menorahs  bill from the decision against  Menorah

Second Dept  2008-00614 Nulling Title  of  Plaintiff  returning title to Estate

Of Eva Clark.  December 5,2006.

The  Plaintiff seeks  three causes of actions.  1)  A misrepresentation of the

Decision  Second Dept. 2008-00614 April 9,2009 ,  in which  plaintiff  did not

Know  title of property was returned.  A cause  of  action was lost in  Estate of

Eva Clark  -vs-  Menorah , Federman & Marcus  index 28108/08 Judge Bert

Bunyan who dismissed  action believing  no  cause of action for Malicious

Prosecution , Abuse  of  Process  claim established  criteria being a favorable

Ruling.  2)  There  were various  taxes and charges  claimed  underreported

In  2005 ,when loan was declared  current  April 13,2005 . 3)  A  claim of

The Plaintiff cites  Fraud  S 1.4 Forseable  relating to title decision Second

Dept  2008-00614  non party  Appellate  Green Tree  Menorah  -vs-Jelks

Index 44614-03 .  1st cause of  action  in applying $15365  "Costs"  Claim

Owed by  Menorah  to  Green Tree  -vs-  Jelks  lis pendens  index 22648/06

Judge David  Schmidt  decision  $270,000  plus legal costs   denied  Menorah

Costs   applied to  lien claim. Exhibit    (RESPA)  Real Estate Settlement

Procedures Act (12 U.S.C.Section 2601 et seq.)

Alleged  2nd   cause of action  underreporting  taxes  IRS  2005 and various

Charges  added that were alleged  paid  S 1.4  Fraud.  Alleged 3rd cause

Of action  Refinance  Decision  22648/06  index  Judge Schmidt  intentional

Misrepresentation of June  and  July  payments 2005  received  dates.

S  1.4 Foresseable  Fraud   Decision to refinance to new bank  3/21/07

CONTINUED

UNITED STATES DISTRICT COURT  COUNTY OF KINGS

AS AND FOR A FIRST CAUSE OF ACTION

7) The Plaintiff repeats and realleges every allegation contained in paragraph

"1" through "6" above with same force and effect as if same were more fully

Set forth at length herein :

8) The Plaintiff sued Greentree claiming overcharges  and settled the case

(CV043924) with the order given by Hon. Allyne R Ross May 10,2005.

   9)  Green Tree complained to their attorneys  Catalfimo & Catalfimo May 2005

Claiming they did not receive payments for April 2005 and May 2005  exhibit C

Green Tree made up a new agreement with some stipulations  relating to a  payment

On the  back end of loan . There was also  a late charge claim eliminated.

Green Tree  denied receiving  bank wires $4850 $4000, $1500  at United Miners

Bank  but agreed to make loan  current. Money was withheld until all the new

Papers were  signed  and served. Exhibit    A

   10) The Plaintiff sent five payments  but received only one billing statement.

   11) A dispute ensued when there was a bounced check  occurance. The  Plaintiff

Jelks  made up the  check but  the loan  agreement was cut off  and referred to

Atty Cohen & Roth  for forclosure. There was a charge of $1800  .

   12) There  were  reinstatement offers  but there were disputes concerning  paying

The  $1800 and clarification as to  when monies were received.  exhibit   A

UNITED STATES DISTRICT COURT COUNTY OF KINGS
AS AND FOR A FIRST CAUSE OF ACTION

---

13) The Defendant Green Tree filed for lis pendens ( foreclosure) , around

9/2/06 Cohen & Roth Atty .

14) On December 5,2006 Menorah moved to amend a complaint Menorah —vs-

Jelks index 44617/03 a Medicaid (Nami) bill for Eva Clark 2000-2001 $41,000

Nulling title to 647 Sheffield Avenue Bklyn NY 11207-6804 returning property

To Estate of Eva Clark , (3 family house.) exhibit A

15) Green Tree Credit a lender and holder of a mortgage $155,000 moved

To restore title Nun Pro Tunc 7/27/99. Second Dept Appellate Division

Docket No. 2008-00614. April 9, 2009 the non-party appellation was granted

Nun Pro Tunc . Plaintiff Jelks acted in support according to Mortgage Stipulation

TITLE - Acting in support of lender with title issues . Menorah was ordered to

Pay Costs. Green Tree did not disclose decision and attempted to charge Plaintiff

Jelks with $15365 legal costs in lis pendens index 26448/06 Judge Schmidt.

This action was denied. exhibit A

16) The Plaintiff Jelks had filed a lawsuit against Menorah Estate of Eva Clark

-vs- Menorah , Federman & Marcus index 28 08 06 Judge Burt Bunyan .

He dismissed lawsuit September 17,2009 on grounds no verdict concerning

Abuse of process , or Malicious Prosecution was in favor of Plaintiff. The

Plaintiff did not know of decision returning title until nearly 2011. exhibit A

16) The Plaintiff Jelks claims intentional fraud on part of Green Tree S 1.4

Foreseable causes , plaintiff to loose a cause of action and there is a claim of $625,000

UNITED STATES DISTRICT COURT  COUNTY OF KINGS
AS AND FOR A SECOND CAUSE OF ACTION

17) The Plaintiff repeats and re alleges each and every allegation contained in

Paragraphs "1" throught " 16" above with the same force and effect as if same

Were more fully set forth at length herein.

18)  The Plaintiff Jelks and  the Defendant Green Tree agreed to a settlement

Of the previous litigation CV 043924 , in which there was a necessity to reword

The contract or agreement. The actual papers were submitted to court in its

Final version  around May 2,2005  and an order was issued by Justice Hon

Allyne r. Ross May 10,2005 . There were causes of action for  fraud given up.

The  bank wires claimed  by Plaintiff to have been sent or received exhausted

Around  March  2005.  It was unclear whether Green Tree would agree so certain

Monies were withheld.

19)  In an arbitration Jeffrey Saltiel  improperly  declared a default had occurred

April 13,2005.  The  arbitrator  agreed to  handle the preceedings  involving  Green Tree

Issues  1)  Whether  a Default had occurred  after July 2005, 2)  Whether  enough money

Was tendered  to reinstate 3) Whether $1800 was  owed  Green Tree  Prepaid legal.

The  State Supreme Court Judge David Schmidt  issued the instructions. The Plaintiff

Alleges the arbitrator went beyond his powers  involving a Federal Court , which

Can  only be  appealed through  the Federal Court of Appeals. Exhibit

The arbitrator  ruled in  Green Tree 's favor and  Plaintiff seeks  argument to

Second Dept  perfected appeal   Docket No. 10-5704 .

20)  The defendant charged the Plaintiff $153 including and late charge $30 in

Federal Court , in which there is no authority to access , since the case had not been

UNITED STATES DISTRICT COURT  COUNTY OF KINGS
AS AND FOR A SECOND CAUSE OF ACTION

17) The Plaintiff repeats and re alleges each and every allegation contained in

Paragraphs " 1" throught " 16" above with the same force and effect as if same

Were more fully set forth at length herein.

18)  The Plaintiff Jelks and  the Defendant Green Tree agreed to a settlement

Of the previous litigation CV 043924 , in which there was a necessity to reword

The contract or agreement. The actual papers were submitted to court in its

Final version  around May 2,2005  and an order was issued by Justice Hon

Allyne r. Ross May 10,2005 . There were causes of action for  fraud given up.

The  bank wires claimed  by Plaintiff to have been sent or received exhausted

Around  March  2005. It was unclear whether Green Tree would agree so certain

Monies were withheld.

19)  In an arbitration Jeffrey Saltiel  improperly  declared a default had occurred

April 13,2005. The  arbitrator agreed to  handle the preceedings  involving  Green Tree

Issues  1)  Whether  a Default had occurred  after July 2005, 2)  Whether  enough money

Was tendered  to reinstate 3)  Whether $1800 was  owed  Green Tree  Prepaid legal.

The  State Supreme Court Judge David Schmidt  issued the instructions. The Plaintiff

Alleges the arbitrator went beyond his powers  involving a Federal Court , which

Can  only be  appealed through  the Federal Court of Appeals. Exhibit

The arbitrator  ruled in  Green Tree 's favor and  Plaintiff  seeks  argument to

Second Dept  perfected appeal   Docket No. 10-5704 .

20)  The defendant charged the Plaintiff $153 including and late charge  $30 in

Federal Court , in which there is no authority to access , since the case had not been

UNITED STATES DISTRICT COURT COUNTY OF KINGS
AS AND FOR A SECOND CAUSE OF ACTION

21) Green Tree in 2006 sent the IRS interest statement, reflecting a figure of

$5705.51.  Exhibit

22) The settlement of case CV 043924 reflected an adjustment to monies paid

In 2004. The first months in 2005 would mean $8533 for January, February

March . The Plaintiff agreed to make payments for months starting in April.

Exhibit

23) This statement  does not relect the total monies sent to  Green Tree  Exhibit

$788;21.  Five Hundred Thirty Three dollars was sent back in 2006. Exhibit

24) The Plaintiff as a result of this understatement claims a loss of deductions

On the E Form and also itemized deductions.  The Plaintiff claims damage $5000

The Plaintiff Jelks rejects arguments by Green Tree in   Green Tree  -vs- Jelks

Index 26448/06 , of a  Res  Judictica  argument  which relate to a previous year

2004.  There simply was a  stipulation , regardless of the oral  denial of a bank wire.

The Plaintiff cites fraud  § ). 4          RESPA Real Estate Procedures act

(12 U.SC. Section 2601 )claims  total $5153.  damage

UNITED STATES DISTRICT COURT COUNTY OF KINGS
AS AND FOR A THIRD CAUSE OF ACTION

25) The Plaintiff repeats and realleges every allegation contained in paragraph

"1" through"24" above with the same force and effect as if same were more

Fully set forth at length herein.

26) Judge Allyne Ross signed order  for (CV043924) Jelks -vs- Green Tree

Bringing that  lawsuit over  bank wires and  late charges filed 2004 to an end.

27) Catalifimo & Catalfimo  Atty  Green Tree complained of   Green Tree not

Receiving April  2005  payment.  May 10,2005  their was finalization  after

Green Tree  made certain  stipulations in some new papers.  Money was  sent

For  April 2005  payment . The late fee claimed by Green Tree is unwarranted

As there is no  right to  claim charges while a Federal Court  has convened at all

The issues were not  finalized. Exhibit    A late fee was added for May  2005.

28)  The Plaintiff  Jelks requested a monthly billing statement that was customarily

Sent for three prior years  was  refused  after letters and a phone call . exhibit

29)  Green Tree sent a default notice July 23, 2005 .

30)  Green Tree sent  one  billing statement  dated August 22,2005  in which

The Plaintiff Jelks dispute certain late charges.  The Plaintiff alleges he  sent

Extra  money to  payments  and no late fee was warranted. exhibit

UNITED STATES DISTRICT COURT COUNTY OF KINGS
AS AND FOR A THIRD CAUSE OF ACTION

31) Green Tree decided to cut off the loan 9/20/05 after a check that did not

Clear. The check was made up with an additional fee but Green Tree referred the

Loan to atty Cohen & Roth. exhibit

32) The matter could not be resolved and Green Tree filed for foreclosure 9/21/06 .

33) On 3/21/07 their was a decision by Judge David Schmidt index 26448/06 time

For the defendant Jelks to refinance the loan which would be at maximum rates 13%.

34) On May 21/2007 there was a payoff figure ordered in which Green Tree insiste

Certain figures in Cohen & Roth former atty for foreclosure were correct . exhibit

35) On 9/8/08 there was an arbitration in which arbitrator Jeffrey Saltiel was served

With an affidavit from Atty Michael Cattilfimo of Green Tree which had descrepancies

On June and July receipt of monies as well as late charges claimed in which it showed

The charges were already paid or added to the respective months that were late. Exhibit

36) The arbitrator Saltiel ruled in favor of Green Tree on the three issues , however

The Plaintiff claims the disclosure , showed an intended fraud or misrepresentation

That hurt the refinancing effort.

37) Green Tree brought a representative Bob Raunec who claimed on page 56 transcript

The company does not issue statement you just send money according to the

Contract. He claimed a stipulation was signed implying something was given

Up . There was one statement sent after a complaint with incorrect late charges.

Rights were claimed under RESPA and there was nothing signed other than to

Resume as normal. The plaintiff disputes the claim and points to deferred payment

"Billing Statement" response. For three and a half years there were statements.

UNITED STATES DISTRICT COURT COUNTY OF KINGS
AS AND FOR A THIRD CAUSE OF ACTION

31) Green Tree decided to cut off the loan 9/20/05 after a check that did not

Clear. The check was made up with an additional fee but Green Tree referred the

Loan to atty Cohen & Roth. exhibit

32) The matter could not be resolved and Green Tree filed for foreclosure 9/1/06 .

33) On 3/21/07 their was a decision by Judge David Schmidt index 26448/06 time

For the defendant Jelks to refinance the loan which would be at maximum rates 13%.

34) On May 21/2007 there was a payoff figure ordered in which Green Tree insiste

Certain figures in Cohen & Roth former atty for foreclosure were correct . exhibit

35) On 9/8/08 there was an arbitration in which arbitrator Jeffrey Saltiel was served

With an affidavit from Atty Michael Cattilfimo of Green Tree which had descrepancies

On June and July receipt of monies as well as late charges claimed in which it showed

The charges were already paid or added to the respective months that were late. Exhibit

36) The arbitrator Saltiel ruled in favor of Green Tree on the three issues , however

The Plaintiff claims the disclosure , showed an intended fraud or misrepresentation

That hurt the refinancing effort.

37) Green Tree brought a representative Bob Raunec who claimed on page 56 trans *crip t*

The company does not issue statement you just send money according to the

Contract. He claimed a stipulation was signed implying something was given

Up . There was one statement sent after a complaint with incorrect late charges.

Rights were claimed under RESPA and there was nothing signed other than to

Resume as normal. The plaintiff disputes the claim and points to deferred payment

"Billing Statement" response. For three and a half years there were statements.

A  cause of  action for a refinancing decision 3/21/07  received dates claimed

By Menorah June and July 2005  believed intentionally inaccurate.

38) Regarding  Green Tree , the  Plaintiff  Jelks  claims   damage in

Refinancing  $1. 4    intentional  and foreseeable  fraud in  affidavits

Intented to deceive the  court.  The Plaintiff cites   RESPA  ( 12. U.S. C 2601

And  Housing law   (12. U.S.C.1752-20.  The  claim is for  $50,000

WHEREFORE Pl aintiff  Jelks demands judgement against the

Defendant  Green Tree as Follows:

@Judgement of the first cause of action in the amount of  $625,000  Plus

Interest

B) Judgement of the Second Cause of Action in the amount of  $5153 plus

Interest

C) Judgement of the Third Cause of action in the amount of $50,000 plus

Interest

Further relief as this Court, deems just proper and Equitable

Dated :March 13 2013

 647 Sheffield Avenue
Brookllyn NY 11207-6804
Cell No. 347- 940-3317
Telephone #718-649-5810

GODFREY JELKS

## GROUNDS FOR US DISTRICT COURT ACTION

1) The Plaintiff Jelks files this action as a result of a Green Tree motion

In Green Tree -vs- Jelks index 26448/06 lis pendens.

2) Arbitrator Jeffrey Saltiel ruled in favor of Green Tree on three points.

And the plaintiff has filed an appeal Second Dept. 2010-10-5704 .

3) The present Action is a counterclaim and an additional claim related

To Second Dept Decision Docket No. 2008-00614 Nun Pro Tunc reversal

Title to premises know as 647 Sheffield Avenue Brooklyn NY 11207-6804

4) The Plaintiff files the action alleging " being deprive of Property without

Due process , title revoked which was returned by Appellate Court NUN PRO TUNC

5) Cause of action one claims Intentional Fraud regarding notice as Defendant

Respondent S1.4 in Non party Appellate Green Tree Credit Menorah -vs- Jelks

Index 44617/03 . RESPA 12.260 U.S.C

6) Claims of fraud regarding IRS stipulations in the year 2005 . S1.4

Cause of action two

7) Claims intentional fraud in refinance decision in 26448/06 Judge Schmidt

3/21/07 S. 1.4



49

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
GREEN TREE CREDIT LLC F/K/A CONSECO FINANCE
CREDIT CORP.,

                              Plaintiff(s),

       -against-

GODFREY JELKS, GRACE M. COLSON, ESQ. SPECIAL
GUARDIAN FOR EVA T. CLARK, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, HOME
HEATING OIL, INC. and "JOHN DOE #1" through "JOHN
DOE #10", the last 10 names being fictitious and unknown to
the Plaintiff, the persons or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the verified
complaint,

                        Defendant(s).
-----------------------------------------------------------X

Index No. 26448/06
Date of filing: 9/1/06

**SUMMONS
AND NOTICE**

Plaintiff designates Kings
County as the place of trial;
venue is based upon the
county in which the
mortgaged premises is
situate.

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance on the attorneys for the Plaintiff within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after service is complete if this summons is not
personally delivered to you within the State of New York). In case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

      If the United States of America is named as a Defendant in this action, it only, shall
have Sixty (60) days to answer the complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

      **THE OBJECT** of the above captioned action is (a) to foreclose a Mortgage to secure
$155,000.00 and interest, recorded in the office of the City Register of the County of Kings on
March 8, 2002, in Reel 5513, Page 1228, covering premises known as 647 Sheffield Avenue, in
Brooklyn, New York (Section 14, Block 4298, and Lot 76) and (b) to cancel a mortgage satisfaction
piece recorded on May 24, 2002 in Reel 5639 Page 1554, which affected the Mortgage recorded at
Reel 5513 Page 1228.

      The relief sought in the within action is (a) a final judgment directing the sale of the
premises described above to satisfy the debt secured by the Mortgage described above (b a deficiency
judgment against the Defendant(s) Godfrey Jelks for any debt secured by said Mortgage which is not
satisfied by the proceeds of the sale of said premises and (c) a declaratory judgment directing the
cancellation of the Mortgage Satisfaction piece recorded on May 24, 2002 in Reel 5639 Page 1554
which restores the lien of the Mortgage recorded in Reel 5513 Page 1228.

50

**TO** the Defendants, except Godfrey Jelks: The Plaintiff makes no personal claim against you in this action. The claim for a deficiency judgment is made only against the Defendant(s) Godfrey Jelks, and not against any other Defendants.

Dated: Mineola, New York
August 30, 2006

Cohn & Roth

*Michael Cohn*

By: Michael H. Cohn
Attorneys for Plaintiff
100 E. Old Country Road
Mineola New York 11501
(516) 747-3030

the State of New York, held in and for the
County of Kings, at the Courthouse, at
Civic Center, Brooklyn, New York, on the
___1___ day of _April_ ____, 20 _11_.

PRESENT:
HON. DAVID I. SCHMIDT, J.S.C.

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF KINGS

GREEN TREE CREDIT LLC F/K/A CONSECO
FINANCE CREDIT CORP.,

                              Plaintiff,          FINAL JUDGMENT OF
                                                  FORECLOSURE AND SALE

                                                  Index No. 26448/2006
          - against -                             Foreclosure of:
                                                  647 Sheffield Avenue
                                                  SBL: 14-4298-76

GODFREY JELKS, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF EVA T.
CLARK, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD,
HOME HEATING OIL, INC., GERALDINE
WALKER and FRANK WALKER,

                              Defendants.

On the Summons and Verified Complaint filed herein on September 1, 2006, the

Notice of Pendency filed herein on September 5, 2006, the Notice of Pendency filed herein

on August 29, 2009, the Order Confirming Arbitration Award, Granting Summary

Judgment, Amending Caption And Appointing Referee To Compute, dated December 23,

2009, and all proceedings thereon, and on reading and filing the Affidavit of Edward M.

Connell, Esq., counsel for plaintiff, dated July 14, 2010, from which it appears that each

of the defendants herein have been duly served with the summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that

Defendant Godfrey Jelks had served an Answer to Plaintiff's Complaint on or about October 16, 2006, which Answer was stricken by the Order of this Court, dated December 23, 2009; and that none of the other defendants had served any Answer to said Complaint, nor had their time to do so been extended; and that the Complaint herein and Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Kings on September 5, 2006 and August 29, 2009, and has not been amended to add new parties or to embrace real property not described in the original Complaint, and a Referee having been duly appointed to compute the amount due to plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading the Report of Martin Wolf , Esq., the Referee named in said Order of Reference, by which Report, dated July 8, 2010, attached hereto, it appears that the sum of $270,119.85 was due as of July 2, 2010 and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who have not waived the same, and upon proof of service of The Order Confirming Arbitration Award,

Granting Summary Judgment, Amending Caption And Appointing Referee To Compute as provided therein,

ON MOTION of Edward M. Connell, Esq., attorney for the Plaintiff, it is

ORDERED, that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the said Report of Martin Wolf, Esq., dated July 8, 2010 be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 2̶6̶4̶ 224 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 3:00 P.M., by and under the direction of Martin Wolf, Esq., who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 in _____ THE Jour 18 4 H and it is further ALD HENALD

ORDERED, ADJUDGED AND DECREED, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and

-3-

shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five (45) days may be stipulated among the parties, with the Referee's consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and, it is further

ORDERED, ADJUDGED AND DECREED, that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in Referee's I.O.L.A. account maintained for legal clients at a bank within the City of New York or in an FDIC-

-4-

insured bank of the Referee's choice within the City of New York [or in _____

_____ ASTORIA _____ Bank]; and it is further

HON. DAVID I. SCHMIDT

ORDERED, ADJUDGED AND DECREED that said Referee on receiving the

proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee pursuant to CPLR §

8003 (b) which shall not exceed $500.00 unless the sale price (the amount of the accepted

bid) exceeds $50,000.00. In the event the sale price exceeds fifty thousand dollars and

additional compensation (including commissions) in excess of $500.00 is sought pursuant

to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may

present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated

sum, to be so-ordered by the Court. Where surplus monies will be available following

distribution of sums as provided herein, or where the parties are unable to agree to the

Referee's proper compensation under CPLR § 8003 (b), application shall be made to this

Court on notice to all parties known to be entitled to claim against any surplus monies,

including the defaulting owner of the equity of redemption. Such application shall be

promptly submitted to the Court within five (5) days of the transfer of the deed and prior to

filing the Report of Sale. The five (5) day period for payment of surplus money into Court

as set forth in RPAPL § 1354(4), and the thirty (30) day period set forth in RPAPL § 1355

for the filing of the Report of Sale shall be deemed extended pending the decision of the

Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR

§8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

FOURTH: Said Referee shall then pay to the plaintiff or its attorney the sum of $ 6305.60 for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest from the date hereof, [together with an additional allowance of $ 300.00 hereby awarded to the plaintiff in addition to costs with

-6-

interest thereon from the date hereof,] and also the sum of $270,119.85 the said amount so reported due as aforesaid, together with interest thereon pursuant to the terms of the Note from July 2, 2010 ,the date the interest was calculated to in said Report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with $ 13,010.00 hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL §1355. It is further

ORDERED, ADJUDGED AND DECREED, that in case the plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting

-7-

2006/26448 Judgment of foreclds:bill of costs dated 9/7/07 (33) (p of 27L)

therefrom the aforementioned payments to the Referee for compensation and expenses,
taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be
allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff
as specified in item marked "FOURTH". If upon so applying the balance of the amount bid,
there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff
shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount
of such surplus [which shall be applied by the Referee, upon motion made pursuant to
RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any
subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3),
which payment shall be reported in the Referee's Report of Sale.] Any surplus remaining
after all payments as herein provided shall be deposited into Court in accordance with
RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the
owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is
further

ORDERED, ADJUDGED AND DECREED, that said Referee take the receipt of the
plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked
"FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies,
if any, with the Kings County Clerk within five (5) days after the same shall be received
unless such period be deemed extended by the filing of an application for additional
compensation as set forth herein, to the credit of this action, to be withdrawn only upon
order of the Court, signed by a Justice of the Court; that said Referee make his/her Report
of such Sale under oath showing the disposition of the proceeds of the sale, accompanied

by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser or within thirty (30) days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover of the defendant Godfrey Jelks the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within ninety (90) days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of

Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title.

ORDERED, that in absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

-10-

2006/26448 Judgment of foreclds-bill of cost-s dflt 510/17(1) of 271

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty (20) days of entry and no less than thirty (30) days prior to sale; and it is further

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Foreclosure Department at least ten (10) days prior to the scheduled sale

ENTER:

_____
HON. DAVID I. SCHMIDT, J.S.C.

HON. DAVID I. SCHMIDT

4-1-11

_____
NANCY T. SUNSHINE
Clerk

FILED
2011 SEP -2 AM 10:18
KINGS COUNTY CLERK
FEE

-11-

NOTICE OF Appeal

(30)

Instructions: Please fill in the names in the box below and the index number. Then follow the directions printed in bold below.

10-5704

SUPREME COURT OF THE STATE OF NEW YORK

———————————————————

Plaintiff(s),

INDEX NO. 26448/

ECUtOR   of Estate
me Heating

Defendant(s),

NOTICE OF APPEAL

Hon. David Schmidt
(Name of assigned Justice)

PLEASE TAKE NOTICE that the plaintiff(s)/defendant(s)(cross out the inapplicable item) hereby appeals (appeal) to the Appellate Division, Second Department, of the New York Supreme Court in and for the Second Department from an order/judgment(cross out the inapplicable term)   entered in this case in the office of the Clerk of Kings County on

————————(fill in date of entry), which order/judgment (cross out the inapplicable item)_____ denying vacating Referee   decision   CPLR 7511

————————(describe the nature and effect of the order or judgment), and this appeal is taken from(Specify below whether the appeal is taken from the entire order or judgment, or only portions of the order of judgment):

/ ∨ / each and every part of that document as well as from the whole thereof, or

/  / the portions of the document that (if less than all of the order or judgment

is being appealed from, identify the parts to be appealed from)___Arbitrator

jeffrey Saltiel    decision 9/12/08

Dated: April 7 is, 200 8

Yours, etc.,

Godfrey Jelks Executor

(Your name)

(title)/Defendant(s)

(Cross out inapplicable)

647 Sheffield Avenue

Brooklyn ny 11207-6

(Your address and phone)

To:

Hon. Nancy Sunshine
County Clerk, Kings County.

(Attorney for other side)

Attorney for Plaintiff(s)/Defendant(s)
(Cross out inapplicable)

Carter Conboy Case Blackmore Maloney 7 laird

Wenig Saltiel Greene

20 Corporate Woods Boulevard

26 Court Street Suit

albany new york 12211-2362

Brooklyn n 11242

(Address and phone)

Tele # 518-465-3484

If additional parties are involved in the case, list their names and the names

telephone numbers of their counsel or, if they are not represented by couns

addresses and telephone numbers.)

6

JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

## Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

# - Request for Appellate Division Intervention - Civil

See § 670.3 of the rules of this court for directions on the use of this form (22 NYCRR 670.3).

Set forth the title of the case as it appears on the summons, notice of petition or cause by which the matter was or is to be commenced, or as amended.

| | For Court of Original Instance |
|---|---|
| GREEN TREE CREDIT LLC F/K/A CONSECO<br><br>FINANCE CREDIT CORP<br><br>Plaintiff<br><br>– v –<br><br>GODFREY JELKS, AS INDIVIDUAL AND AS<br><br>EXECUTOR OF THE ESTATE OF EVA T CLARK | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| Civil Action | ☐ CPLR article 78 Proceeding | ☒ Appeal | ☐ Transferred Proceeding |
| CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceeding | ☐ CPLR 5704 Review |
| | ☐ Habeas Corpus Proceeding | | |

### Nature of Suit: Check up to five of the following categories which best reflect the nature of the case.

| A. Administrative Review | D. Domestic Relations | F. Prisoners | I. Torts |
|---|---|---|---|
| 1  Freedom of Information Law | ☐ 1  Adoption | ☐ 1  Discipline | ☐ 1  Assault, Battery, False |
| 2  Human Rights | ☐ 2  Attorney's Fees | ☐ 2  Jail Time Calculation | Imprisonment |
| 3  Licenses | ☐ 3  Children - Support | ☐ 3  Parole | ☐ 2  Conversion |
| 4  Public Employment | ☐ 4  Children - Custody/Visitation | ☐ 4  Other | ☐ 3  Defamation |
| 5  Social Services | ☐ 5  Children - Terminate Parent- | | ☐ 4  Fraud |
| 6  Other | al Rights | G. Real Property | ☐ 5  Intentional Infliction of |
| | ☐ 6  Children - Abuse/Neglect | ☐ 1  Condemnation | Emotional Distress |
| B. Business & Other Relationships | ☐ 7  Children - JD/PINS | ☐ 2  Determine Title | ☐ 6  Interference with Contract |
| 1  Partnership/Joint Venture | ☐ 8  Equitable Distribution | ☐ 3  Easements | ☐ 7  Malicious Prosecution/ |
| 2  Business | ☐ 9  Exclusive Occupancy of | ☐ 4  Environmental | Abuse of Process |
| 3  Religious | Residence | ☐ 5  Liens | ☐ 8  Malpractice |
| 4  Not-for-Profit | ☐ 10  Expert's Fees | ☐ 6  Mortgages | ☐ 9  Negligence |
| 5  Other | ☐ 11  Maintenance/Alimony | ☐ 7  Partition | ☐ 10  Nuisance |
| | ☐ 12  Marital Status | ☐ 8  Rent | ☐ 11  Products Liability |
| C. Contracts | ☐ 13  Paternity | ☐ 9  Taxation | ☐ 12  Strict Liability |
| 1  Brokerage | ☐ 14  Spousal Support | ☐ 10  Zoning | ☐ 13  Trespass and/or Waste |
| 2  Commercial Paper | ☐ 15  Other | ☐ 11  Other | ☐ 14  Other |
| 3  Construction | | | |
| 4  Employment | E. Miscellaneous | H. Statutory | J. Wills & Estates |
| 5  Insurance | ☐ 1  Constructive Trust | ☐ 1  City of Mount Vernon | ☐ 1  Accounting |
| 6  Property | ☐ 2  Debtor & Creditor | Charter §§ 120, 127-f, or | ☐ 2  Discovery |
| | ☐ 3  Declaratory Judgment | 129 | ☐ 3  Probate/Administration |
| | ☐ 4  Election Law | ☐ 2  Eminent Domain Proced- | ☐ 4  Trusts |
| | ☐ 5  Notice of Claim | ure Law § 207 | ☐ 5  Other |
| | ☐ 6  Other | ☐ 3  General Municipal Law | |
| | | § 712 | |
| | | ☐ 4  Labor Law § 220 | |
| | | ☐ 5  Public Service Law §§ 128 | |
| | | or 170 | |
| | | ☐ 6  Other | |

Supreme Court of the State of New York

Appellate Division : Second Judicial Department

# Form B - Additional Appeal Information

**Use this Form For Each Additional Paper Covered by the Notice of Appeal to be filed with Form A**

Paper Appealed From (check one only):

- ☐ Amended Decree
- ☐ Amended Judgment
- ☐ Amended Order
- ☐ Decision
- ☐ Decree
- ☐ Determination
- ☒ Finding
- ☐ Interlocutory Decree
- ☐ Interlocutory Judgment
- ☐ Judgment
- ☐ Order
- ☐ Order & Judgment
- ☐ Partial Decree
- ☐ Resettled Decree
- ☐ Resettled Judgment
- ☐ Resettled Order
- ☐ Ruling
- ☐ Other (specify):

Court: SUPREME COURT . ARBITRATOR

County: KINGS

Entered:

Index No.: 26448/06

Dated:

Trial: ☐ Yes ☐ No  If Yes: ☐ Jury ☐ Non-Jury

Judge (name in full): DAVID SCHMIDT

Stage: ☐ Interlocutory   ☐ Final   ☐ Post-Final

**Description of Appeal**

Description: Briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. Decision of Arbitrator Jeffrey L Saltiel 12/3/08 Ar to include information requested 9/12/08 post hearing. Arbitrator lacke jurisdiction CPLR 302 over CV04-3924 Jelks cs Green Tree CV-43924 US istrict Court  4/13/06 Default finding  Settlement 5/10/05 Judge All Ross SETTLED LAW ATT'h CATILFIMO  inserted stipulation in  CV04-3924 set

Amount: If the appeal is from a money judgment, specify the amount awarded.

Issues: Specify the issues proposed to be raised on the appeal.

GREEN TREE would not send out monthly statements. Request made RESPA (1 Section 260)  Did not respond in twenty days . Defendant submitted ANSWER and a separate request counter damages under RESPA COUNTER CL Plaintiff GREEN TREE commited fraud CPLR215 to Judge Schmidt submittir Cohen & Roth Atty  8/2006 reinstatement figures , 3/21/06, 8/22/207 Atty Richard Kluas , contradicted by 9/12/08  submission by Atty Mi

CATALIFIMO  SO-CALLED BACK DATE,TERANSACTION DATE  LATE CHARGES PAID

There is misrepresentation of a June and July payment. A bounced w! letter the Plaintiff Green Tree asked to make up is fraudulently rep: Arbitrator Saltiel  says anSWEWR WAS CRITICAL TO  DEFENSE.

Arbitrator was incompetant  and unquaLIFDIED.

There is a violation of the credit score with fraudulent represwe

Then follow the

## Appeal

Appealed From (check one only):

☐ Order  ☐ Resettled Order
☐ Determination  ☐ Order & Judgment  ☐ Ruling
☐ Finding  ☐ Partial Decree  ☐ Other (specify):
nded Decree  ☐ Interlocutory Decree  ☐ Resettled Decree
nended Judgment  ☐ Interlocutory Judgment  ☐ Resettled Judgment
Amended Order
☐ Decision  ☐ Judgment  County: Kings

Court: Jeffrey Saltiel Arbitrator  Entered:

Dated:  Index No.: 26448/06

Judge Name:  David Schmidt  Trial: ☐ Yes ☐ No  If Yes: ☐ Jury ☐ Non-Jury

Stage: ☒ Interlocutory  ☐ Final  ☐ Post-Final

Prior Unperfected Appeal Information:

Are any unperfected appeals pending in this case? ☐ Yes ☐ No.  If yes, do you intend to perfect the appeal or appea

covered by the annexed notice of appeal with the prior appeals? ☐ Yes ☐ No.  Set forth the Appellate Division Cau

Number(s) of any prior, pending, unperfected appeals:

## Original Proceeding
Date Filed:

Commenced by: ☒ Order to Show Cause  ☐ Notice of Petition  ☐ Writ of Habeas Corpus

Statute authorizing commencement of proceeding in the Appellate Division:

## Proceeding Transferred Pursuant to CPLR 7804(g)
County:

Order of Transfer Date:

Court:

Judge (name in full):

## CPLR 5704 Review of Ex Parte Order
County:

Dated:

Court:

Judge (name in full):

## Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief re
and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pur
CPLR 7804(g), briefly describe the object of the proceeding. If an application under CPLR 5704, briefly describe the
the ex parte order to be reviewed.  Seeks to set aside findings of Arbitrator Jeff re
Saltier  under CPLR 7511  Decision made  December 3, 2008  Seeks t o
amend  to include information  requested 9/12/08. Information consis
itemized money order and checks.  Plaintiff served papers by hand  9
legal right to answer which took longer than two weeks additional

Amount:  If an appeal is from a money judgment, specify the amount awarded.
Issues:  Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 re
requests by Plaintiff Green Tree.  Plaintiff Green Tree  submitte
New figures 9/12/08 a so-called back date and transactio n date
Disputes figures from 8/2006 Cohen & Roth representation 3/26/06
CONBOY ATT Richard Klauss  to Judge David
Schmidt 8/2

(8)

follow the

...es Continued:

There is Subject Matter Jurisdiction involving Arbitrator Saltiel

CPLR 302 CV-04-3924 JELKS vs GREEN TREE US DISTRICT JUDGE ALL'NE R

ROSS. declared default 4/13/05 in conflict with court . ATT'n

Michael Catifomo made new loan documents with stipulations 5/10 /''05

(SETTLED LAW) . Atty Catimo 4/20/05 warns of no binding agreement

until law dept Green Tree approves new provisions. $1589 paid May

payment which included late fee. reflected in NEW SUBMISSION 9/12 /08

There were fraudlent late charges $153 in 10/21/06 and $122 listed on

the 8/22/06 invoi8ce . All late fees were properly included with payme

Penalties demanded under Accurate Reporting Fair Debt (RESPA )

Use FR.. AB for Additional Appeal Information...

## Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

Examples of a party's original status include: plaintiff, defendant, petitioner, respondent, claimant, defendant third-party plaintiff, third-party. defendant, and intervenor. Examples of a party's Appellate Division status include: appellant, respondent, appellant-respondent, respondent-appellant, petitioner, and intervenor.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |

follow the

names of the attorneys or firms of attorneys for the
...s form is to be filed with the notice of petition or order
...which a special proceeding is to be commenced in the
...only the name of the attorney for the petitioner need be

provided **[9]**. In the event that a litigant represents herself or himself, the
marked "... Se" must be checked and the appropriate information for th
litigant must be supplied in the spaces provided.

...m Name:  Jeffrey Saltiel

WENIG SALTIEL & GREENE LLP

26 COURT STREET SUITE 502

BROOKLYN          State:  NY    Zip: 11242     Telephone No.: 718-797-5700

...ney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

...y or Parties Represented (set forth party number[s] from table above or from Form C):

...orney/Firm Name: CARTER CONBOY CASE, BLACKMORE MALONEY & LAIRD

...dress: 20 CORPORATE WOODS BOULEVARD

...y: ALBANY          State: NY    Zip: 12211     Telephone No.:

...ttorney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

...rty or Parties Represented (set forth party number[s] from table above or from Form C):

...torney/Firm Name:

...ddress:

...ity:          State:       Zip:       Telephone No.:

...orney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

...arty or Parties Represented (set forth party number[s] from table above or from Form C):

...ttorney/Firm Name:

...ddress:

...ity:          State:       Zip:       Telephone No.:

Attorney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number[s] from table above or from Form C):

Attorney/Firm Name:

Address:

City:          State:       Zip:       Telephone No.:

Attorney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

...y or Parties Represented (set forth party number[s] from table above or from Form C):

Attorney/Firm Name:

Address:

City:          State:       Zip:       Telephone No.:

Attorney Type:  ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number[s] from table above or from Form C):

Use Form C for Additional Party and/or Attorney Information.

The use of this form is explained in § 670.3 of the rules of the Appellate Division, Second Department (22 NYCRR 670.3)
this form is to be filed for an appeal, place the required papers in the following orders: (1) the Request for Appellate Divisio
Intervention (Form A, this document), (2) any required Additional Appeal Information Forms (Form B), (3) any required
Additional Party and Attorney Information Forms (Form C), (4) the notice of appeal or order granting leave to appeal, (5)
copy of the paper or papers from which the appeal or appeals covered in the notice of appeal or order granting leave to appe
s or are taken, and (6) a copy of the decision or decisions of the court of original instance, if any.

|6|

Supreme Court of the State of New York     Appellate Division : Second Judicial Department

## Form B - Additional Appeal Information

**Use this Form For Each Additional Paper Covered by the Notice of Appeal to be filed with Form A**

Paper Appealed From (check one only):

□ Amended Decree      □ Determination      □ Order            □ Resettled Order
□ Amended Judgment    □ Finding            □ Order & Judgment □ Ruling
□ Amended Order       XXX Interlocutory Decree  □ Partial Decree  □ Other (specify):
□ Decision            □ Interlocutory Judgment  □ Resettled Decree
□ Decree              □ Judgment               □ Resettled Judgment

| | | County: | KINGS |
|---|---|---|---|
| Court: SUPREME COURT ARBITRATOR | | Entered: | |
| Dated: | | Index No.: | 26448/06 |
| Judge (name in full): DAVID SCHMIDT | | Trial: □ Yes □ No  If Yes: □ Jury □ Non-Jury | |
| Stage: □ Interlocutory  □ Final  □ Post-Final | | | |

### Description of Appeal

Description: Briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whet!
the motion was granted or denied. Decision of Arbitrator Jeffrey L Saltiel 12/3/08 Amend
..to include information requested 9/12/08 post hearing. Arbitrator lacked
jurisdiction CPLR 302 over CV04-3924 Jelks cs Green Tree  CV-43924 US
      4/13/06, Default finding    Settlement 5/10/05 Judge Allyna
istrict Court
Ross SETTLED LAW ATT¹ CATILFIMO  inserted stipulation in  CV04-3924 settle

Amount:      If the appeal is from a money judgment, specify the amount awarded.
Issues:      Specify the issues proposed to be raised on the appeal.

GREEN TREE would not send out monthly statements.Request made RESPA (12USC
Section 260) Did not respond in twenty days . Defendant submitted
   ANSWER and a separate request counter damages under RESPA COUNTER CLAIM
Plaintiff GREEN TREE commited fraud CPLR215 to Judge Schmidt submitting
.Cohen & Roth Atty  8/2006 reinstatement figures , 3/21/06, 8/22/207
 Atty Richard Kluas , contradicted by 9/12/08 submission by Atty Micha
CATALIFIMO  SO-CALLED BACK DATE,TERANSACTION DATE  LATE CHARGES PAID
  There is misrepresentation of a June and July payment. A bounced whic!
letter the Plaintiff Green Tree asked to make up is fraudulently represe
  Arbitrator  Saltiel  says anSWEWR WAS CRITICAL TO  DEFENSE.
   Arbitrator was incompetant  and unquaLIFDIED.
   There is a violation of the credit score with fraudulent represent

Then follow the

|2|

## Appeal

☐ Resettled Order
☐ Ruling
☐ Other (specify):

Appealed From (check one only):
☐ Determination
☐ Finding
☐ Interlocutory Decree
☐ Interlocutory Judgment
☐ Judgment

☐ Order
☐ Order & Judgment
☐ Partial Decree
☐ Resettled Decree
☐ Resettled Judgment

nded Decree
mended Judgment
mended Order
Decision
☐ Decree

Court:  Jeffeey Saltiel Arbitrator

Dated:

Judge (name:           David Schmidt

Stage: ☒ Interlocutory   ☐ Final   ☐ Post-Final

County:  Kings

Entered:

Index No.:   26448/06

Trial: ☐ Yes  ☐ No   If Yes: ☐ Jury  ☐ Non-Jury

Prior Unperfected Appeal Information:

Are any unperfected appeals pending in this case? ☐ Yes  ☐ No.  If yes, do you intend to perfect the appeal or appeals covered by the annexed notice of appeal with the prior appeals?   ☐ Yes  ☐ No.  Set forth the Appellate Division Cause Number(s) of any prior, pending, unperfected appeals:

## Original Proceeding

Date Filed:

Commenced by: ☒ Order to Show Cause  ☐ Notice of Petition  ☐ Writ of Habeas Corpus

Statute authorizing commencement of proceeding in the Appellate Division:

## Proceeding Transferred Pursuant to CPLR 7804(g)

County:

Court:                                                                Order of Transfer Date:

Judge (name in full):

## CPLR 5704 Review of Ex Parte Order

County:

Court:                                                                Dated:

Judge (name in full):

## Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief req and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred purs CPLR 7804(g), briefly describe the object of the proceeding. If an application under CPLR 5704, briefly describe the n the ex parte order to be reviewed.   Seeks to set aside findings of Arbitrator Jeff re
Saltier    under CPLR 7511  Decision made  Decemlber 3,2008       Seeks t c
amend  to include information     requested 9/12/08.  Information consis
itemized money order and checks.   Plaintiff served papers by hand   9
legal right to answer which took longer than two weeks additional

Amount:  If an appeal is from a money judgment, specify the amount awarded. or application for CPLR 5704 rev
Issues:  Specify the issues proposed to be raised on the appeal, proceeding, or application.  submitte
requests by Plaintiff Green Tree.   Plaintiff Green Tree
New figures 9/12/08 a so-called back date and transactio n date
Disputes figures from 8/2006 Cohen & Roth representation 3/26/06
CONBOY ATT'k Richard Klauss      to Judge David
Schmidt 8/2

(8)

es Continued:

There is Subject Matter Jurisdiction involving Arbitrator Saltiel

CPLR 302  CV-04-3924  JELKS vs GREEN TREE  US DISTRICT JUDGE ALLYNE R

ROSS.  declared default 4/13/05 in conflict with court . ATT'

Michael Catifomo made new loan documents with stipulations  5/10 /'05

(SETTLED LAW) . Atty Catimo 4/20/05 warns of no binding agreement

until law dept Green Tree approves new provisions. $1589 paid May

payment which included late fee. reflected in NEW SUBMISSION 9/12 /08

There were fraudlent late charges $153 in 10/21/06 and $122  listed on

the 8/22/06 invoi8ce . All late fees were properly included with paym

Penalties demanded under Accurate Reporting Fair Debt (RESPA )

Use FBEAB for Additional Appeal Information.. ALL STATE PROCEDURE

## Party Information

Instructions:  Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed  for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any.  If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

Examples of a party's original status include: plaintiff, defend petitioner, respondent, claimant, defendant third-party plaintiff, third-defendant, and intervenor.  Examples of a party's Appellate Division s include: appellant, respondent, appellant-respondent, respondent-app petitioner, and intervenor.

| No. | Party Name | Original Status | Appellate Division Stat |
|-----|------------|-----------------|-------------------------|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |

follow the

provided

In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for the litigant must be supplied in the spaces provided.

names of the attorneys or firms of attorneys for the
form is to be filed with the notice of petition or order
which a special proceeding is to be commenced in the
only the name of the attorney for the petitioner need be

Name: **Jeffrey Saltiel**

WENIG SALTIEL & GREENE LLP

26 COURT STREET SUITE 502

BROOKLYN    State: N.Y.   Zip: 11242    Telephone No.: 718-797-5700

| ney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

ty or Parties Represented (set forth party number(s) from table above or from Form C):

orney/Firm Name: CARTER CONBOY CASE, BLACKMORE MALONEY & LAIRD

dress: 20 CORPORATE WOODS BOULEVARD

y: ALBANY    State: N.Y.   Zip: 12211    Telephone No.:

| torney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

rty or Parties Represented (set forth party number(s) from table above or from Form C):

Attorney/Firm Name:

ddress:

ty:    State:    Zip:    Telephone No.:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

arty or Parties Represented (set forth party number(s) from table above or from Form C):

Attorney/Firm Name:

Address:

City:    State:    Zip:    Telephone No.:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above or from Form C):

Attorney/Firm Name:

Address:

City:    State:    Zip:    Telephone No.:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

cy or Parties Represented (set forth party number(s) from table above or from Form C):

Attorney/Firm Name:

Address:

City:    State:    Zip:    Telephone No.:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above or from Form C):

Use Form C for Additional Party and/or Attorney Information.

The use of this form is explained in § 670.3 of the rules of the Appellate Division Second Department (22 NYCRR 670.3). this form is to be filed for an appeal, place the required papers in the following order: (1) the Request for Appellate Division Intervention (Form A - this document), (2) any required Additional Appeal Information Forms (Form B), (3) any required Additional Party and Attorney Information Forms (Form C), (4) the notice of appeal or order granting leave to appeal, (5) copy of the paper or papers from which the appeal or appeals covered in the notice of appeal or order granting leave to appeal is or are taken, and (6) a copy of the decision or decisions of the court of original instance, if any.

(10)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X

GREEN TREE CREDIT LLC F/K/A CONSECO
FINANCE CREDIT CORP.,                                    Index No: 26448/06

                              Plaintiff,

              -against-

GODFREY JELKS, GRACE COLSON, ESQ.,
SPECIAL GUARDIAN FOR EVA T. CLARK, CITY
OF NEW YORK ENVIORNMENTAL CONTROL
BOARD, HOME HEATING OIL, INC., and
"JOHN DOE #1", through "JOHN DOE #10",

                              Defendants.
------------------------------------------------------X

## DECISION AFTER ARBITRATION

An arbitration hearing was held on September 12, 2008 at the office
of Wenig, Saltiel & Greene LLP, 26 Court Street Suite 502, Brooklyn, New
York at 3:00 pm before Jeffrey Saltiel, pursuant to the Order of the
Honorable David Schmidt dated March 7, 2008.

That Order provides, in part:

"ORDERED, that Plaintiff's motion to compel Defendant Jelks
to submit counterclaims and defenses interposed in the
answer of the Defendant Jelks to binding arbitration be, and
the same hereby is granted, provided that arbitration is held
in a New York forum; and it is further

ORDERED that Plaintiff's motion for summary judgment
against defendant, Godfrey Jelks, Individually and as
Executor of the Estate of Eva T. Clark, be and the same
hereby is held in abeyance pending a determination of the
arbitrator with respect to the validity of Defendant Jelks'
defenses and counterclaims, with the arbitrator to decide,
inter alia:

(a) Whether Defendant, Godfrey Jelks, was in default under the Note and Mortgage, dated February 7, 2002, for failing to submit sufficient payments to Plaintiff on and after July 13, 2005;

(b) Whether Defendant, Godfrey Jelks, proffered to Plaintiff sufficient payments to reinstate the Note and Mortgage, dated February 7, 2002, pursuant to the Reinstatement Notice of October 21, 2005; and

(c) Whether Plaintiff was entitled to collect $1,800.00 in "prepaid legal" fees as part of the amount necessary to reinstate the Note and Mortgage, dated February 7, 2002." And it is further

ORDERED, that the parties are directed to designate an arbitrator and proceed to arbitration forthwith in accordance with the terms and provisions of their arbitration agreement;"

On May 31, 2008 both Plaintiff and Defendant consented to the appointment of Jeffrey Saltiel as arbitrator.

A letter was sent by the Arbitrator to both parties requesting copies of all pleadings and other papers the Court relied on in rendering the March 7, 2008 Order.

On July 21, 2008, the Plaintiff, through their attorney Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. responded to said request by providing the following documentation:

- Plaintiff's original Notice of Motion, dated January 25, 2007, with supporting affidavits, exhibits and proof of mailing annexed;
- Plaintiff's Memorandum of Law, dated January 25, 2007;
- Plaintiff's Supplemental Affidavit of Mailing, sworn to February 1, 2007;
- Respondent's Opposition to Plaintiff's motion, dated February 14, 2007;
- Notice of Cross-Motion of Defendant, Grace Colson, Esq., dated February 6, 2007, with supporting affidavit and exhibits annexed;
- Original Consent to Appointment of Arbitrator, dated May 22, 2008;

(12)

...vit in Response to Cross-Motion, sworn to February 16, ...07, with exhibits and proof of mailing annexed;
Reply to Cross-Motion, sworn to March 15, 2007, with exhibits annexed;

- Document submitted by Defendant in response to Affidavit in Opposition to Cross Motion, dated March 9, 2007;
- Order of the Court (J. Schmidt) dated March 21, 2007;
- Document submitted by Defendant in response to payoff letter, dated May 9, 2007;
- Abstract of Calculation of Mortgage Debt as of May 16, 2007;
- Document submitted by Defendant in response to Abstract of Calculation of Mortgage Debt dated June 16, 2007;
- Memorandum Decision and Order (J. Schmidt), dated August 22, 2007; and;
- Order (J. Schmidt) dated March 7, 2008.

On September 4, 2008 the Defendant responded *pro se* to the request by providing the following documentation:

- Copy of 2004 Stipulation of Settlement Agreement.
- Copy of Vacate Orders
- Human Resources correspondence
- Various letters and correspondence between Plaintiff and Defendant
- Copies of checks sent by Defendant
- The default letter sent from Plaintiff to Defendant
- Copy of Notice sent by Plaintiff to Defendant
- Copy of Payment Notice to Plaintiff
- Copy of Tax IRS 2005
- Copy of August 2005 Money orders that were returned
- Copy of October 21, 2005 Payment offer
- Copy of February 7, 2006 Payment answer
- March 2, 2006 answer inquiry
- Copy of August 22, 2006 Settlement offer from Cohen & Roth, Plaintiff debt collection attorney.
- Copy of counterclaims made by Defendant
- Copy of show-cause petition made by Plaintiff.
- Notice of Appearance
- Memorandum of Law
- Copy of Affidavit in Opposition to Susan Mauro
- Copy of December 17, 2007 Decision of Judge Dabiri
- Copy of Conboy Blackmore Notice of Appeal
- Copy of Notice of Appeal to Menorah money damage
- Copy of letter to from Defendant to Plaintiff involving money orders.

[15]

A hearing was duly noticed for September 12, 2008 at which both Plaintiff and Defendant were present. At the hearing, the Plaintiff, Green Tree Credit LLC was represented by Bob Raunec, a Green Tree Customer Account Executive, and by their attorneys Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.

The Defendant, Godfrey Jelks, appeared pro se. Testimony was taken from both parties regarding the issues framed in the March 7, 2008 Order. Additionally, the Defendant was given an additional period of time after the hearing to submit evidence of all payments made by the Defendant to Plaintiff since April 2005. No additional evidence was submitted to the arbitrator.

It should be noted that Godfrey Jelks often did not respond to questions asked of him but rather testified to other issues which were not the subject of the Arbitrator's questions. The Arbitrator repeated questions many times and allowed Jelks to review documents continuously to insure that he understood all questions which were asked of him and allowed him a full and fair opportunity to answer those questions.

Upon review of the evidence, the Arbitrator makes the following findings:

Q: Whether Defendant Godfrey Jelks was in default under the Note and Mortgage, dated February 7, 2002, for failing to submit sufficient payments to Plaintiff on and after July 13, 2005.

A: Yes: Defendant Godfrey Jelks was in default under the Note and Mortgage, dated February 7, 2002, for failing to submit sufficient payments to Plaintiff on and after July 13, 2005.

Defendant Jelks brought an action against Green Tree Mortgage Company in the United States District Court, Eastern District of New York, under the caption Godfrey Jelks v. Green Tree Mortgage Company, Docket No. CV 04-3924 alleging certain rights to receive notices under State and Federal Law regarding the Note and Mortgage dated February 7, 2002.

On March 28, 2005 the parties entered into a Stipulation of Settlement agreement. As part of that settlement, the parties agreed that Defendant Jelks' loan account would be returned to "current" status in Section 11(d) of the terms of settlement. The parties further agreed that

would be due on April 13, 2005 and be in the amount of $1,533.53. Jelks acknowledged his obligation to make all subsequent payments in a timely fashion. In consideration for this acknowledgement, Green Tree (a) waived the alleged late fee charges assessed to Jelks' loan account, (b) waived the legal fees assessed to the loan account (c) the remaining arrears were reduced and deferred and (d)Jelks was to be paid $200.00. This Stipulation of Settlement was accepted by the District Court and Jelks' action was discontinued with prejudice.

Jelks failed to timely make his first mortgage payment due April 13, 2005.

Defendant Jelks failed to timely make his second mortgage payment due May 13, 2005.

Plaintiff sent a letter on May 26, 2005 to Defendant Jelks reminding him that these payments had not yet been made. Defendant soon thereafter acknowledged receipt of the Plaintiff's letter, in writing, and assured Plaintiff that he intended to honor the stipulation and make the payments along with any late fees.

The complexity of the dates of payments requires a detailed analysis of charges and payments to accurately analyze the July 13, 2005 default date because the Defendant often made monthly mortgage payments with a series of money orders of small denominations.

- April 13, 2005 Mortgage Payment: Defendant owed 1,533.53 for the April, 2005 mortgage payment. Defendant sent four (4) separate payments to Plaintiff on May 25, 2008 totaling 1,533.53 to satisfy the April payment. On May 28, 2005, a late fee of $30.67 was charged to his account for being over a month late with the April payment. This was the first payment Defendant made subsequent to his stipulation agreement. His payments were applied to the April mortgage payment although they were made on May 25, 2008.

- May 13, 2005 Mortgage Payment: Defendant owed $1,533.53 for the May 2005 mortgage payment and $30.67 for an April 2005 late fee. Two other late charges of $30.67 each were assessed to Defendant's account for failing to make his May and June payments on time. On July 8, 2005, the Plaintiff received seven (7) ...ts from Defendant totaling $1,589.00. These payments were ...and most of the April and May late

(15)

- June 13, 2005 Mortgage Payment: Defendant owed $1,533.53 for the June 2005 mortgage payment plus $36.54 for the previous late fee assessments through June. On September 1, 2005 Plaintiff received twelve (12) payments; Nine (9) in the form of money gram, two (2) Western Union money orders and one (1) Postal Money Order totaling $1,073.00. On September 13, 2005, Plaintiff received three (3) further payments totaling $60.00. On September 26, 2005 the Plaintiff received another payment in the amount of $482.00. These payments totaled $1,615.00 and were applied to the June payment and June and July late fees. No other payments were made in 2005.

As of July 26, 2005, the Defendant had not fulfilled his obligation to Plaintiff for June or July. (The June mortgage payment was paid in September.) Plaintiff Green Tree sent Defendant a Notice of Default dated July 26, 2005 informing him that he was in default for failure to submit monthly payments due from June 13, 2005 through August 13, 2005.

Plaintiff testified that although the August payment had not become due at the time the letter was sent, the August 13, 2005 payment was within the 30 day cure period Defendant was given and therefore, the August 2005 charge was included in the amount owed by Defendant. The July 26, 2005 Default letter informed the Defendant that he owed to Plaintiff $4,606.46 for the June, July and August mortgage payments, as well as late fees.

It should be noted that although the Plaintiff claims a default date of June 13, 2005, the Order of the Honorable Judge Schmidt requires a determination of whether or not the Defendant was in default on July 13, 2005. The Plaintiff claims that this distinction is negligible as the Defendant remained in default on July 13, 2005 because on that date he owed both the June and July payments. (The June payments were made in September.)

Defendant admitted that Plaintiff accurately portrayed the payment history for 2005. Defendant Jelks admitted that he sent no other payments than those reflected in Plaintiff's accounting until the end of 2005 which were received in January 2006. Those payments were sent after the default notice and after the period to cure had elapsed.

Defendant admitted that he sent Plaintiff a series of money orders all dated between July 31, 2005 and August 10, 2005 which were received in September of 2005 and applied to his balance for June, 2005. These admissions are consistent with the Plaintiff's assertions and records of payment.

The Defendant was given two weeks after the hearing to make a complete accounting of all payments he made to Plaintiff and to verify the payments in the Plaintiff's accounting to ensure that all of his payments were accounted for. No such evidence was submitted to the Arbitrator.

Defendant testified during the hearing, that assuming all of his payments were made timely, the last month that he paid was August of 2005. Defendant claims a series of 16 payments all received January 10, 2006 should have been applied to August's payment. Plaintiff had already declared a default and had returned to Defendant the payments totaling $533.00.

During his testimony, Defendant provided receipts as proof of payment for certain months which were purchased after the date Defendant claimed to have sent them to Plaintiff. Obviously, the money orders could not have been tendered prior the date which they were issued.

The Defendant provided no evidence to show that he had made timely payments to satisfy his obligations under the stipulation agreement.

Plaintiff provided sufficient evidence as to have met the procedural requirements of notice under the Note.

I hereby find that Defendant Godfrey Jelks was in default under the Note and Mortgage, dated February 7, 2002, for failing to submit sufficient payments to Plaintiff on and after July 13, 2005.

Q: Whether Defendant, Godfrey Jelks, proffered to Plaintiff sufficient payments to reinstate the Note and Mortgage, dated February 7, 2002, pursuant to the Reinstatement Notice of October 21, 2005.

A: No. Defendant, Godfrey Jelks, did not proffer to Plaintiff sufficient payments to reinstate the Note and Mortgage, dated February 7, 2002, pursuant to the Reinstatement Notice of October 21, 2005.

(17)

Pursuant to the February 7, 2002 Note, Plaintiff was obligated to send a written notice informing the Defendant that if he does not pay the overdue amount by a certain date, the Plaintiff may require acceleration of the full principal which has not been paid and the interest owed. The Defendant must also be given thirty (30) days to cure the arrears. The Note provides that Plaintiff's notice requirements would be met if a written notice was sent via first class mail to Defendant at his address set forth in the Note.

The Notice of Default was dated July 26, 2005 and was mailed to Defendant Jelks at the property address of 647 Sheffield Avenue, Brooklyn, NY 11207. Plaintiff's agent testified as to this being the regular business practice of Plaintiff. Defendant Jelks testified several times to having received the default notice. Plaintiff met their obligation under the Note to inform the Defendant of his default.

On October 21, 2005 Plaintiff Green Tree sent by first class mail, a reinstatement notice to Defendant at his residence, 647 Sheffield Avenue, Brooklyn, New York. The notice informed Defendant that he had the right to cure the current default by paying the amount owed under the Note and Mortgage, $8,584.06 by November 25, 2005. The amount was determined by calculating the balance relating to principal and interest $6,530.71 (August, September, October, November and part of July 2005) + $1,800.00 legal fees and $153.35 late fees.

The notice informed Defendant that should he fail to cure the default, on or before November 25, 2005, the entire outstanding debt would become due immediately.

Defendant admitted during testimony that the only payments he sent after the October 21, 2005 reinstatement letter were the sixteen (16) payments in the form of either Money-Gram, Western Union Money Order or Postal Money Order totaling $533.00. These payments were received on or about January 10, 2006 and did not serve to reinstate the Mortgage and were sent back to the Defendant.

For the reasons stated above, I hereby find that Defendant, Godfrey Jelks, failed to proffer to Plaintiff sufficient payments to reinstate the Note and Mortgage, dated February 7, 2002, pursuant to the Reinstatement Notice of October 21, 2005.

(19)

Dated: December 3, 2008

Respectfully Submitted,

Jeffrey L. Saltiel, Esq.- Arbitrator
Wenig, Saltiel & Greene LLP
26 Court Street, Suite 502
Brooklyn, New York 11242
718-797-5700

32

## EXHIBIT C TO CATALFIMO AFFIDAVIT -
## (II) MORTGAGE, DATED FEBRUARY 7, 2002 [32-38]

REEL 5513 PG 1229

When recorded return to:
Conseco Finance
Attn: Trailing Documents Area
7360 South Kyrene Road
Tempe, AZ 85283

The premises are
improved by a one
or two family
dwelling only.

L462-883

—————— State of New York ——————  ——— Space Above This Line For Recording Data ———
GT-15-33-089 (12/99)                                        Application # 0202040054
                                                            Loan # 6912837215

## MORTGAGE
(With Future Advance Clause)

N/A  This is a Credit Line Mortgage as defined in New York Real Property Law section 281. The mortgage contemplates that Lender and Mortgagor will enter into a series of advances or advances, payments and readvances. The aggregate amount at any time outstanding will be as specified in this Security Instrument.

N/A  This is a Building Loan Mortgage as defined in New York Lien Law section 2. This Security Instrument is subject to a Building Loan Agreement to be filed in ......................................................... County concurrently herewith and is subject to all the provisions of that Building Loan Agreement as if they were fully set forth herein and made a part of this Security Instrument.

1.  **DATE AND PARTIES.** The date of this Mortgage (Security Instrument) is February 7, 2002 ............... and the parties, their addresses and tax identification numbers, if required, are as follows:

   MORTGAGOR:  Godfrey Jelks
               647 SHEFFIELD AVENUE, BROOKLYN NY 11207 (NY)
               No Status

   ___  If checked, refer to the attached Addendum incorporated herein, for additional Mortgagors, their signatures and acknowledgments.

   LENDER:
            Conseco Finance Credit Corp.
            580 White Plains Rd.
            3rd Floor
            Tarrytown, New York  10591

2.  **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Mortgagor's performance under this Security Instrument, Mortgagor grants, bargains, sells, conveys and mortgages to Lender, with the power of sale, the following described property:

   Parcel ID: 4298-76  BLOCK-LOT
   See Exhibit A for full Legal Description.

33

REEL 55 13 PG. 1230

The property is located in ...... Kings ............................................. at .................................................
                                              (County)
647 Sheffield Avenue .......... Brooklyn ........................., New York .. 11207
(Address)                          (City)                                    (ZIP Code)
Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian
rights, wells, ditches, reservoirs, and water stock and all existing and future improvements, structures, fixtures, and
replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as
"Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total amount secured by this Security Instrument at any one time shall not
exceed $ ............ 155,000.00 ........................... . This limitation of amount does not include interest and other fees
and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under
the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this
Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt
      described below and all their extensions, renewals, modifications or substitutions. (*When referencing the debts
      below it is suggested that you include items such as borrowers' names, note amounts, interest rates, maturity dates,
      description of building loan contract, etc.*)
Note dated February 7, 2002 , between Conseco Finance Credit Corp. and Godfrey
Jelks, for $155,000.00, maturing February 13, 2032.

   B. All future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any
      promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security
      Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this
      Security Instrument, each Mortgagor agrees that this Security Instrument will secure all future advances and future
      obligations that are given to or incurred by any one or more Mortgagor, or any one or more Mortgagor and others.
      All future advances and other future obligations are secured by this Security Instrument even though all or part may
      not yet be advanced. All future advances and other future obligations are secured as if made on the date of this
      Security Instrument. If this is a Credit Line Mortgage, advances made more than 20 years after this Security
      Instrument was recorded are also secured, but may not be secured to the same extent as advances made within 20
      years of recording. Nothing in this Security Instrument shall constitute a commitment to make additional or future
      loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

   C. All obligations Mortgagor owes to Lender, which now exist or may later arise, to the extent not prohibited by law,
      including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Mortgagor
      and Lender.

   D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the
      Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this
      Security Instrument.

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

5. **PAYMENTS.** Mortgagor agrees that all payments under the Secured Debt will be paid when due and in accordance with
   the terms of the Secured Debt and this Security Instrument.

6. **WARRANTY OF TITLE.** Mortgagor warrants that Mortgagor is or will be lawfully seized of the estate conveyed by this
   Security Instrument and has the right to grant, bargain, convey, sell and mortgage the Property, with the power of sale.
   Mortgagor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **PRIOR SECURITY INTERESTS.** With regard to any other mortgage, deed of trust, security agreement or other lien
   document that created a prior security interest or encumbrance on the Property, Mortgagor agrees:

©1996, 1997 Bankers Systems, Inc., St. Cloud, MN  Form GT-REMTGLZNY 12/13/98            *G J*            GT-15-33-083 (12/99)  (*page 2 of 6*)

REEL 5513 PG 1231

A. To make all payments when due and to perform or comply with all covenants.

B. To promptly deliver to Lender any notices that Mortgagor receives from the holder.

C. Not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written consent.

8. **CLAIMS AGAINST TITLE.** Mortgagor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Mortgagor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Mortgagor's payment. Mortgagor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Mortgagor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Mortgagor may have against parties who supply labor or materials to maintain or improve the Property.

9. **DUE ON SALE OR ENCUMBRANCE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable. This covenant shall run with the Property and shall remain in effect until the Secured Debt is paid in full and this Security Instrument is released.

10. **PROPERTY CONDITION, ALTERATIONS AND INSPECTION.** Mortgagor will keep the Property in good condition and make all repairs that are reasonably necessary. Mortgagor shall not commit or allow any waste, impairment, or deterioration of the Property. Mortgagor will keep the Property free of noxious weeds and grasses. Mortgagor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Mortgagor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Mortgagor will notify Lender of all demands, proceedings, claims, and actions against Mortgagor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Mortgagor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Mortgagor will in no way rely on Lender's inspection.

11. **AUTHORITY TO PERFORM.** If Mortgagor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform them or cause them to be performed. Mortgagor appoints Lender as attorney-in-fact to sign Mortgagor's name or pay any amount necessary for performance. Lender's right to perform for Mortgagor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument. If any construction on the Property is discontinued or not carried on in a reasonable manner, Lender may take all steps necessary to protect Lender's security interest in the Property, including completion of the construction.

12. **LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS.** Mortgagor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Mortgagor will perform all of Mortgagor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

13. **DEFAULT.** Mortgagor will be in default if any party obligated on the Secured Debt fails to make payment when due. Mortgagor will be in default if a breach occurs under the terms of this Security Instrument or any other document executed for the purpose of creating, securing or guaranteeing the Secured Debt. Any action or inaction by Mortgagor which significantly impairs Lender's security interest in the Property will also be an event of default.

14. **REMEDIES ON DEFAULT.** In some instances, federal and state law will require Lender to provide Mortgagor with notice of the right to cure or other notices and may establish time schedules for foreclosure actions. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Mortgagor is in default.

At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime

© 1995, 1997 Bankers Systems, Inc., St. Cloud, MN Form GT-REMTGL2NY 12/13/99

GT

,GT-15-33-089 (12/95) *(page 3 of 6)*

REEL 5543 PG 1232

thereafter. In addition, Lender shall be entitled to all the remedies provided by law, the terms of the Secured Debt, this Security Instrument and any related documents.

If there is a default, Lender may, in addition to any other permitted remedy, advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder.

All remedies are distinct, cumulative and not exclusive, and the Lender is entitled to all remedies provided at law or equity, whether or not expressly set forth. The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Mortgagor's default, Lender does not waive Lender's right to later consider the event a default if it continues or happens again.

15. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** Except when prohibited by law, Mortgagor agrees to pay all of Lender's expenses if Mortgagor breaches any covenant in this Security Instrument. Mortgagor will also pay on demand any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Mortgagor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, reasonable attorneys' fees not in excess of 15% of the unpaid debt if the loan is referred for collection to an attorney who is not a salaried employee of the Lender; court costs; and other legal expenses. This Security Instrument shall remain in effect until released. Mortgagor agrees to pay for any recordation costs of such release.

16. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material;" "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Mortgagor represents, warrants and agrees that:
   A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

   B. Except as previously disclosed and acknowledged in writing to Lender, Mortgagor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

   C. Mortgagor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Mortgagor shall take all necessary remedial action in accordance with any Environmental Law.

   D. Mortgagor shall immediately notify Lender in writing as soon as Mortgagor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

17. **CONDEMNATION.** Mortgagor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any, or all of the Property through condemnation, eminent domain, or any other means. Mortgagor authorizes Lender to intervene in Mortgagor's name in any of the above described actions or claims. Mortgagor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

18. **INSURANCE.** Mortgagor shall keep the Property insured against loss by fire, flood, earthquake, hurricane, tornado, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be

REEL 5513 PG 1233

chosen by Mortgagor subject to Lender's approval, which shall not be unreasonably withheld. If Mortgagor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Mortgagor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Mortgagor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Mortgagor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Mortgagor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of scheduled payment nor change the amount of any payment. Any excess will be paid to the Mortgagor. If the Property is acquired by Lender, Mortgagor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

19. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Mortgagor will not be required to pay to Lender funds for taxes and insurance in escrow.

20. **FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Mortgagor will provide to Lender, upon request, any financial statement or information Lender may deem reasonably necessary. Mortgagor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Mortgagor's obligations under this Security Instrument and Lender's lien status on the Property.

21. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Mortgagor signs this Security Instrument but does not sign an evidence of debt, Mortgagor does so only to mortgage Mortgagor's interest in the Property to secure payment of the Secured Debt and Mortgagor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Mortgagor, Mortgagor agrees to waive any rights that may prevent Lender from bringing any action or claim against Mortgagor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. Mortgagor agrees that Lender and any party to this Security Instrument may extend, modify or make any change in the terms of this Security Instrument or any evidence of debt without Mortgagor's consent. Such a change will not release Mortgagor from the terms of this Security Instrument. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Mortgagor and Lender.

22. **APPLICABLE LAW; SEVERABILITY; INTERPRETATION.** This Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located. This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

23. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one mortgagor will be deemed to be notice to all mortgagors.

24. **AGREEMENTS ABOUT NEW YORK LIEN LAW.** Mortgagor will receive all amounts lent to Mortgagor by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded in the proper official records, construction or other work on any building or other improvement located on the property has not been completed for at least eight months, Mortgagor will: (A) hold all amounts which Mortgagor receives and which Mortgagor has a right to receive from Lender under the note as a "trust fund"; and (B) use those amounts to pay for that construction or the work or materials and supplies used for that construction or work before Mortgagor uses them for any other purpose. The fact that Mortgagor is holding those amounts as a "trust fund" means that Mortgagor has a special responsibility under the law to use the amounts in the manner described in this section.

© 1996, 1997 Bankers Systems, Inc., St. Cloud, MN Form GT-REMTGLZNY 12/13/99

GT-15-33-089 (12/99)   *(page 5 of 8)*

37

REEL 5513 PG 1234

**25. OTHER TERMS.** If checked, the following are applicable to this Security Instrument:

x  The Property covered by this Mortgage is or will be improved by a one or two family residence or dwelling.

N/A The Property covered by this Mortgage __ is __ is not  real property improved by one or more structures containing in the aggregate not more than six residential dwelling units, each with separate cooking facilities.

N/A Construction Loan. This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.

N/A Fixture Filing. Mortgagor grants to Lender a security interest in all goods that Mortgagor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.

N/A Separate Assignment. A separate assignment of leases and rents has been executed by the Mortgagor.

N/A Riders. The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable items]
 ___ Condominium Rider                ___ Planned Unit Development Rider
                                       ___ Other ......................................................................

N/A Additional Terms.

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

**SIGNATURES:** By signing below, Mortgagor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Mortgagor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

..................................................        2/7/02
(Signature)  Godfrey Jelks            (Date)  (Signature)                                        (Date)


..................................................
(Signature)                           (Date)  (Signature)                                        (Date)

**ACKNOWLEDGMENT:**
 STATE OF ..... New York ......................., COUNTY OF ...... Kings ................................} ss.
 On the ..... 7th ........................ day of .... February ................. in the year .... 2002 .......... before me, the undersigned, personally appeared .... Godfrey Jelks .......................................................
 ................................................ GODFREY JELKS ........... (to)
 personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

My commission expires:

                                      MICHAEL P. FARLEY
                                   Notary Public, State of New York
                                          No. 4993982
                                    Qualified in Dutchess County
                                    Commission Expires 3/30/2002

                           ............................................................
                              Notary Public – State of New York

© 1995, 1997 Bankers Systems, Inc., St. Cloud, MN  Form GT-REMTGLZNY  12/13/99          GT-15-33-089 (12/99)  (page 6 of 6)

49

EXHIBIT F TO CATALFIMO AFFIDAVIT -
AONS WITH NOTICE AND VERIFIED COMPLAINT, DATED AUGUST 30, 2006
FOR INDEX NO. 26448/06 [49-56]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X
GREEN TREE CREDIT LLC F/K/A CONSECO FINANCE
CREDIT CORP.,

                                    Plaintiff(s),

            -against-

GODFREY JELKS, GRACE M. COLSON, ESQ. SPECIAL
GUARDIAN FOR EVA T. CLARK, CITY OF NEW YORK
ENVIRONMENTAL    CONTROL    BOARD,    HOME
HEATING OIL, INC. and "JOHN DOE #1" through "JOHN
DOE #10", the last 10 names being fictitious and unknown to
the Plaintiff, the persons or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the verified
complaint,

                                    Defendant(s).
------------------------------------------------------X

Index No. 2 6448/06
Date of filing: 9/1/06

**SUMMONS
AND NOTICE**

Plaintiff designates Kings
County as the place of trial;
venue is based upon the
county in which the
mortgaged premises is
situate.

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance on the attorneys for the Plaintiff within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after service is complete if this summons is not
personally delivered to you within the State of New York). In case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

     If the United States of America is named as a Defendant in this action, it only, shall
have Sixty (60) days to answer the complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

     **THE OBJECT** of the above captioned action is (a) to foreclose a Mortgage to secure
$155,000.00 and interest, recorded in the office of the City Register of the County of Kings on
March 8, 2002, in Reel 5513, Page 1228, covering premises known as 647 Sheffield Avenue, in
Brooklyn, New York (Section 14, Block 4298, and Lot 76) and (b) to cancel a mortgage satisfaction
piece recorded on May 24, 2002 in Reel 5639 Page 1554, which affected the Mortgage recorded at
Reel 5513 Page 1228.

     The relief sought in the within action is (a) a final judgment directing the sale of the
premises described above to satisfy the debt secured by the Mortgage described above (b a deficiency
judgment against the Defendant(s) Godfrey Jelks for any debt secured by said Mortgage which is not
satisfied by the proceeds of the sale of said premises and (c) a declaratory judgment directing the
cancellation of the Mortgage Satisfaction piece recorded on May 24, 2002 in Reel 5639 Page 1554
which restores the lien of the Mortgage recorded in Reel 5513 Page 1228.

**TO** the Defendants, except Godfrey Jelks: The Plaintiff makes no personal claim against you in this action. The claim for a deficiency judgment is made only against the Defendant(s) Godfrey Jelks, and not against any other Defendants.

Dated: Mineola, New York
     August 30, 2006

Cohn & Roth

*Michael Cohn*

By: Michael H. Cohn
Attorneys for Plaintiff
100 E. Old Country Road
Mineola New York 11501
(516) 747-3030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
GREEN TREE CREDIT LLC F/K/A CONSECO FINANCE
CREDIT CORP.,

                          Plaintiff(s),

        -against-

GODFREY JELKS, GRACE M. COLSON, ESQ. SPECIAL
GUARDIAN FOR EVA T. CLARK, CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, HOME
HEATING OIL, INC. and "JOHN DOE #1" through "JOHN
DOE #10", the last 10 names being fictitious and unknown to
the Plaintiff, the persons or parties intended being the persons
or parties, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the verified
complaint,

                          Defendant(s).
------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**
Mortgage Foreclosure

      The Plaintiff, by its attorneys, Cohn & Roth complaining of the Defendant(s),
respectfully alleges upon information and belief that:

AS AND FOR A FIRST CAUSE OF ACTION

    1.    The Plaintiff, Green Tree Credit LLC f/k/a Conseco Finance Credit Corp., at
all times hereinafter mentioned was and still is a duly organized corporation, association, bank, credit
union or trust company having an office at 7360 South Kyrene Road, Tempe, Arizona 85283.

    2.    Upon information and belief, the Defendant, Godfrey Jelks, at all times
hereinafter mentioned resided at and presently does reside at 647 Sheffield Avenue, Brooklyn, NY
11207.

    3.    Godfrey Jelks , for the purpose of securing to Conseco Finance Credit Corp.
payment of the principal sum of $155,000.00, with interest thereon, on or about February 7, 2002,
for a valuable consideration, executed and delivered to said Conseco Finance Credit Corp. a Note
dated on that day(the "Note"), whereby said Godfrey Jelks undertook and promised to pay to said
Conseco Finance Credit Corp. the aforesaid principal sum and interest thereon at the rate provided
for therein.

    4.    As collateral security for the payment of said indebtedness, said Godfrey Jelks,
duly executed, acknowledged and delivered to said Conseco Finance Credit Corp. a Mortgage, dated
February 7, 2002 (the "Mortgage"), whereby said Godfrey Jelks mortgaged to said Conseco Finance
Credit Corp. the premises known as 647 Sheffield Avenue, Brooklyn, New York (Section 14, Block
4298, and Lot 76), described in said Mortgage and in Exhibit A attached hereto and made a part
hereof, together with the appurtenances thereto and all fixtures and articles of personal property
annexed to or used in connection with the mortgaged premises, as is more fully set forth in said
Mortgage.

    5.    Said Mortgage was duly recorded in the office of the Clerk of the County of
Kings on March 8, 2002, in Reel 5513, Page 1228. The mortgage recording tax thereon was duly

52

paid.

6.   Said Mortgage provided that in case of default in the payment of any principal or interest which might become due thereon, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and the holder of the Mortgage was thereby empowered to sell the mortgaged premises according to law.

7.   The Defendant(s), Godfrey Jelks, has failed to comply with the terms, covenants and conditions of said Note and Mortgage by defaulting in the payment of the following installments of principal and interest which became due under the Note and Mortgage: the sum of $1,533.53 for principal, interest and escrow deposits which became due and payable on July 13, 2005 and also by failing to pay a like sum which became due and payable on the same day of each and every month thereafter to the date hereof.

8.   By reason of such default, the Plaintiff has duly elected and does hereby elect to declare the entire balance of the principal sum secured by said Note and Mortgage to become immediately due and payable. Plaintiff has fully complied with any and all conditions precedent to acceleration contained in the Mortgage.

9.   There is now due and owing to the Plaintiff under said Note and Mortgage the sum of $153,225.52, with interest thereon, from June 13, 2005, at the rate of 11.488 percent per annum.

10.   In order to protect its security, the Plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the Plaintiff prays that any sum or sums so paid, together with interest from the date of payment, be added to the Plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the Plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

11.   No other action or proceeding has been had at law or otherwise for the recovery of said sum so secured by said Note and Mortgage, or any part thereof.

12.   The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

13.   The mortgaged premises under foreclosure herein is subject to any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said mortgaged premises and any violations thereof, prior liens and to zoning regulations and ordinances of the city, town or village in which said mortgaged premises lies and any violations thereof.

14.   The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid.

15.   Upon information and belief, each of the additionally named Defendant(s) have or claims to have some interest in or lien upon the mortgaged premises or some part thereof,

which interest or lien, if any, has accrued subsequent to the lien of said Mortgage and is subject and subordinate thereto.

16.     Grace M. Colson, Esq. Special Guardian for Eva T. Clark was appointed pursuant to Mental Hygiene Law Article 81 is made a party Defendant to this action as a result of a Guardians Statement as to Real Property filed under Index No. 108058/00.

Eva T. Clark retained a Life Estate in the mortgaged premises. On August 27, 2005, Eva T. Clark died. Therefore any such legal or equitable interest in the mortgaged premises has been extinguished by her death. Grace M. Colson, Esq. Special Guardian for Eva T. Clark is made a party Defendant to this action solely for the purpose indicated above and for no other reason.

17.     The City of New York Environmental Control Board is made a party Defendant to this action as it appears that it may have filed the judgements annexed hereto as Exhibit B in the Kings County Clerk's Office which are or may become liens on the Mortgaged Premises. Said judgments are subordinate to Plaintiff's Mortgage and The City of New York Environmental Control Board is made a party Defendant to this action solely for the purpose indicated above and for no other reason.

18.     Home Heating Oil, Inc. is made a party Defendant to this action as a result of a judgement filed in the Kings County Clerk's Office which is or may become a lien against the Mortgaged Premises. Said judgment is subordinate to Plaintiff's Mortgage and Home Heating Oil, Inc. is made a party Defendant to this action solely to extinguish the judgment as a lien against the mortgaged premises and for no other reason.

19.     The Defendants named "JOHN DOE #1" through "JOHN DOE #10" may be persons or parties in possession of, having or claiming an interest in or lien on the premises.

## AS AND FOR A SECOND CAUSE OF ACTION

20.     The Plaintiff repeats and realleges each and every allegation contained in each of the foregoing paragraphs with the full force and effect as if set forth in full herein.

21.     On or about April 25, 2000, Plaintiff issued and had recorded a satisfaction piece for Mortgage recorded in Reel 5513 Page 1228.

22.     Said satisfaction piece was recorded in the Office of the Clerk of Kings County on May 24, 2002 in Reel 5639 Page 1554.

23.     The satisfaction piece was issued and recorded in error. The said Mortgage and the underlying note has not been paid in full by the Defendant.

24.     Defendant acknowledged that the Mortgage was not paid or satisfied by continuing to make payments on the Note and Mortgage.

25.     Plaintiff, as owner and holder of a valid mortgage, retains an interest in the premises and is entitled pursuant to RPL §329 to have the satisfaction piece declared void and canceled of record.

## AS AND FOR A THIRD CAUSE OF ACTION

26.     The Plaintiff repeats and realleges each and every allegation contained in each

54

of the foregoing paragraphs with the full force and effect as if set forth in full herein.

27.    In the Note and Mortgage hereinbefore described, the Mortgagor(s), Godfrey Jelks , agreed to pay the reasonable attorneys fees of the holder of the Mortgage in the event of a default under the Note and Mortgage and the commencement of a suit to foreclose the same.

WHEREFORE, the Plaintiff demands judgment that the Defendants and all persons claiming under them or any of them, subsequent to the filing of the notice of pendency of this action, be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises; that said mortgaged premises be decreed to be sold in one parcel according to law; that the money arising from the sale be brought into court; that the Plaintiff be paid the amount of principal and interest due on said Note and Mortgage as hereinbefore set forth with interest to the time of such payment, and any sums paid by the Plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premium and other necessary charges or expenses to protect the lien of the Mortgage, and any sums expended for the protection or preservation of the property covered by said Mortgage, with interest thereon from the time of such payment, and a declaration that the satisfaction piece be void as demanded in the Second Cause of Action and reasonable attorneys' fees as demanded in the Third Cause of Action, and the costs and disbursements of this action, and all other amounts due the Plaintiff under said Note and Mortgage, so far as the amount of such money properly applicable thereto will pay the same; and that the Defendant(s) Godfrey Jelks, be adjudged to pay any deficiency which may remain, after applying all moneys received from the sale of the mortgaged premises, of the indebtedness secured by the Note and Mortgage or to be said to the Plaintiff as costs or otherwise hereunder; and that the Plaintiff may have such other and further relief as may be just and equitable.

Dated: Mineola, New York
       August 30, 2006

Cohn & Roth

_Michael Cohn_

By: Michael H. Cohn
Attorneys for Plaintiff
100 E. Old Country Road
Mineola New York 11501
(516) 747-3030

| Menorah Home & Hosp. for Aged & Infirm v Jelks |
| --- |
| 2009 NY Slip Op 02758 [61 AD3d 648] |
| April 7, 2009 |
| Appellate Division, Second Department |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| As corrected through Wednesday, June 10, 2009 |

| Menorah Home and Hospital for Aged and Infirm, Respondent, v Godfrey Jelks, Defendant. Green Tree Credit, LLC, Formerly Known as Conseco Finance Credit Corp., Nonparty Appellant. |
| --- |

—[*1] Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, N.Y. (Michael J. Catalfimo, James A. Resila, and Edward M. Connell of counsel), for nonparty appellant.

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, Lake Success, N.Y. (Susan Mauro of counsel), for respondent.

In an action to recover payment for professional nursing care services, to set aside a conveyance of real property as fraudulent, and to declare the subject deed null and void, nonparty Green Tree Credit, LLC, formerly known as Conseco Finance Credit Corp., appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated December 17, 2007, which denied its motion, in effect, pursuant to CPLR 2221 (a) and 1001 (a) to vacate those portions of a prior order of the same court dated December 5, 2006, granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to set aside a deed of real property to the defendant as fraudulent, and amended a prior order and judgment (one paper) of the same court (Ruchelsman, J.), dated September 12, 2005, to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly.

Ordered that the order is reversed, on the law, with costs, the nonparty appellant's motion, in effect, pursuant to CPLR 2221 (a) and 1001 (a) is granted, and those provisions

Case 1:13-cv-01367-RRM-LB   Document 1   Filed 03/13/13   Page 63 of 107 PageID #: 63

of the December 5, 2006 order which granted that branch of the plaintiff's motion which was for leave to amend the complaint and which amended the order and judgment dated September 12, 2005 to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly are vacated, and that branch of the plaintiff's motion which was for leave to amend the complaint is denied. [*2]

"It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard" (*Friedman v Friedman*, 125 AD2d 539, 541 [1986]). Contrary to the plaintiff's contention and the determination of the Supreme Court, the plaintiff was required to join the nonparty appellant Green Tree Credit, LLC, formerly known as Conseco Finance Credit Corp. (hereinafter Green Tree), the mortgagee of the subject premises, as a necessary party in its cause of action to set aside the conveyance of the subject premises as fraudulent, and to declare the subject deed null and void (*see* CPLR 1001 [a]; *Ameriquest Mtge. Co. v Gaffney*, 41 AD3d 750, 751 [2007]; *Losner v Cashline, L.P.*, 284 AD2d 433 [2001]; *Friedman v Friedman*, 125 AD2d 539, 541 [1986]; *see e.g. Skiff-Murray v Murray*, 17 AD3d 807 [2005]). Accordingly, the failure of the plaintiff to join Green Tree as a defendant requires that the portions of the Supreme Court's resulting order dated December 5, 2006 granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to set aside the conveyance of the subject premises as fraudulent, and to declare the subject deed null and void, and amending a prior order and judgment of the same court to include a declaration that the subject deed is null and void and a direction to the County Clerk of Kings County to mark the records accordingly be vacated, and that that branch of the plaintiff's motion which was for leave to amend the complaint be denied.

Moreover, Green Tree demonstrated that the cause of action sought by the plaintiff in the proposed amendment to the complaint is time-barred (*see* CPLR 213 [8]; *Bobash, Inc. v Festinger*, 57 AD3d 464 [2008]; *Ehrler v Cataffo*, 42 AD3d 424, 425 [2007]; *Island Holding v O'Brien*, 6 AD3d 498, 500 [2004]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.

attorneys' fees in connection with the foreclosure of the note and mortgage which is the subject of this action.

3.  That annexed hereto as Exhibit "A" and made a part hereof, are itemized time entries for the services rendered to date in connection with the prosecution of this action.[1] All time entries for matters other than the above-entitled mortgage foreclosure action have been stricken from the aforementioned time entries.

4.  That the time entries for the above-entitled mortgage foreclosure action have been summarized in the chart below.

| Invoice Date | EMC Time | MJC Time | LML Time | Total |
|---|---|---|---|---|
| 04.25.2007 | 12.5 hr @ $175/hr [$2,187.50] | 4.0 hr. @ $250/hr [$1,000.00] | | $3,187.50 |
| 08.22.2007 | 0.3 hr @ $175/hr [$52.50] | | | $52.50 |
| 04.02.2008 | 1.8 hr @ $130/hr [$234.00] | 0.3 hr. @ $185/hr [$55.50] | | $289.00 |
| 04.17.2008 | 3.2 hr @ $130/hr [$416.00] | | | $416.00 |
| 06.23.2008 | 1.0 hr @ $200/hr [$200.00] | | | $200.00 |

[1] During the period of time that deponent's firm represented the Plaintiff in connection with the above-entitled mortgage foreclosure action, deponent's firm also represented Plaintiff with the following related matters: (a) a title insurance claim involving the premises foreclosed herein; (b) the defense of Plaintiff's interests in an action entitled: Menorah Home and Hospital for the Aged and Infirm v. Godfrey Jelks (Kings County Index No.: 44617/03); (c) a successful appeal brought in the Appellate Division, Second Dept., entitled: Menorah Home and Hospital for theAged and Infirm v. Godfrey Jelks (2nd A.D. Index No.: 2008-00614).

| | | | | |
|---|---|---|---|---|
| 08.26.2008 | 0.8 hr @ $200/hr [$160.00] | 0.6 hr @ $200/hr [$120.00] | 0.2 hr @ $200/hr [$40.00] | $320.00 |
| 10.21.2008 | 1.6 hr @ $200/hr [$320.00] | 25.0 hr @ $200/hr [$5,000.00] | | $5,320.00 |
| 11.24.2008 | 0.1 hr @ $200/hr [$20.00] | | | $20.00 |
| 12.16.2008 | 0.2 hr @ $200/hr [$40.00] | | | $40.00 |
| 01.26.2009 | 2.6 hr @ $200/hr [$520.00] | 0.4 hr @ $200/hr [$80.00] | | $600.00 |
| 02.17.2009 | 5.1 hr @ $200/hr [$1,020.00] | 1.3 hr @ $200/hr [$260.00] | | $1,280.00 |
| 03.20.2009 | 0.3 hr @ $200/hr [$60.00] | | | $60.00 |
| 04.27.2009 | 4.0 hr @ $200/hr [$800.00] | | | $800.00 |
| 06.01.2009 | | | | $0.00 |
| 06.12.2009 | | | | $0.00 |
| 07.31.2009 | 0.6 hr @ $200/hr [$120.00] | 0.2 hr @ $200/hr [$40.00] | | $160.00 |
| 08.20.2009 | | | | $0.00 |
| 10.22.2009 | 3.1 hr @ $200/hr [$620.00] | | | $620.00 |
| 11.19.2009 | 1.1 hr @ $200/hr [$220.00] | | | $220.00 |
| 01.28.2010 | 0.9 hr @ $200/hr [$180.00] | | | $180.00 |
| 04.20.2010 | 4.0 hr @ $200/hr [$800.00] | | | $800.00 |
| 05.25.2010 | 4.0 hr @ $200/hr [$800.00] | | | $800.00 |
| TOTAL | | | | $15,365.00 |

At an I.A.S. Trial Term, Part   of   the   Supreme
Court of the State of New York, held in and for the
County of Kings, at the Courthouse, located at
Civic Center, Borough of Brooklyn, City and State
of New York, on the 24ᵗʰday of October 2012

P R E S E N T :

Hon. _____

_____
                                    Justice

_____

GreenTree Credit LLC
                                    Plaintiff(s)

- against -

Godfrey Jelks et al.
                                    Defendant(s)

_____

Cal. No.

Index No. 26448/2006

The following papers numbered 1 to    read on this motion          Papers Numbered
Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed_____
Answering Affidavit (Affirmation)_____
Reply Affidavit (Affirmation)_____
_____Affidavit (Affirmation)_____
Pleadings - Exhibits_____
Stipulations - Minutes_____
Filed Papers_____

Plaintiff's application for an order directing the foreclosure part to proceed.
The foreclosure sale is denied. Mr. Jelks will have until January 7, 201
procure a reverse mortgage. If Mr. Jelks does not procure a reverse mor
by that date, plaintiff may proceed with the foreclosure sale. The time for
to comply with any of the provisions of the Kings County Uniform City Court Rules,
and RPAPL with respect to the foreclosure sale of the mortgaged premises; is h
extended to the foreclosure March 29, 2013.

For Clerks use only

MG___
MD___
Motion Seq. #

E N T E R

_____
                                    J.S.C.

HON. DAVID

At an IAS Term, Part 8 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 17th day of September, 2009.

P R E S E N T:

HON. BERT A. BUNYAN,

                                    Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GODFREY JELKS, AS INDIVIDUAL AND EXECUTOR ESTATE OF EVA CLARK,

                    Plaintiff,

    - against -                                      Index No. 28108/08

MENORAH HOME AND HOSPITAL FOR THE AGED AND INFIRM AND FEDERMAN MARCUS,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The following papers numbered 1 to 6 read on this motion:

|  | Papers Numbered |
| --- | --- |
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed_____ | ____1, 2____ |
| Opposing Affidavits (Affirmations)_____ | ____3____ |
| Reply Affidavits (Affirmations)_____ | ____4, 5, 6____ |
| _____Affidavit (Affirmation)_____ | _____ |
| Other Papers_____ | _____ |

    Upon the foregoing papers, defendant Federman & Marcus, f/k/a the Law Office of

Allen Federman and s/h/a Federman Marcus (F & M) moves for an order, pursuant to CPLR

3211 (a)(1), (a)(5) and (a)(7), dismissing the complaint of Godfrey Jelks, as individual and

executor Estate of Eva Clark (plaintiff) on the grounds that : (1) the claims asserted in said

complaint were determined by the court in a previous action and, therefore, are now barred by *res judicata* and *collateral estoppel*; (2) all claims asserted in the complaint are, in any event, barred by the relevant statutes of limitation and (3) the allegations asserted fail to state a cognizable cause of action. In addition, F & M seeks a protective order prohibiting plaintiff from initiating any further litigation as against F & M without prior approval of the Administrative Judge, or his or her designee, of the court in which he seeks to bring said action. Co-defendant Menorah Home and Hospital for the Aged and Infirm (Menorah Home) cross-moves for an order, pursuant to CPLR 3211 (a) (5) and (a)(7), dismissing the complaint of plaintiff on the grounds that the claims asserted therein are either time-barred or fail to state a colorable cause of action as against it. In addition, Menorah Home also seeks a protective order identical to that requested by F & M.

A prior action entitled *Godfrey A. Jelks v St. Mary's Hospital, Allen Federman, Menorah Home and Hospital for the Aged and Infirm*, Index No. 30978/07, was commenced on or about August 17, 2007 in Supreme Court, Kings County, by plaintiff as against F & M and Menorah Home. All causes of action asserted therein were dismissed by order of this court dated March 18, 2008 (Balter, J.), with the exception of a wrongful death claim alleged as against Menorah Home. In dismissing said claims, the court employed the following reasoning, in relevant part:

> In his complaint, plaintiff Godfrey Jelks, pro se, the executor of the estate of his late aunt, Eva T. Clark, alleges, among other things, that in February 2000 his aunt was placed into a nursing home by Menorah and that Federman, a law firm, was hired to represent defendant St. Mary's Hospital in

2

its request for the appointment of a guardian to protect Eva Clark's interests. While sometimes rambling, the complaint seems to allege claims sounding in malicious prosecution, defamation and wrongful death, which allegedly arose out of defendants' efforts to confine Eva Clark against her wishes and to pursue unwarranted litigation against or involving plaintiff.

* * *

Plaintiff's complaint, as best as can be discerned, alleges causes of action sounding in defamation, libel, slander, malicious prosecution and wrongful death. As alleged in the complaint, those claims could not have accrued later than August 27, 2005, decedent's date of death. Since this action was commenced on August 17, 2007, plaintiff's claims for defamation, slander, libel and malicious prosecution are time barred (see CPLR 215 [3]). To the extent that plaintiff purports to rely upon 22 NYCRR 130-1.1 for a claim for money damages, such claim is without merit since the request for sanctions may not be pleaded as a distinct cause of action (see Murphy v Smith, 4 Misc 3d 1029 [A][2004]). With respect to plaintiff's claim for wrongful death, the court notes that this action was commenced just short of two years after decedent's death and the wrongful death claim was, therefore, timely (see EPTL 5-4.1). Nevertheless, insofar as the claim is asserted against Federman, it fails to state a cause of action since there is no allegation of a causal connection between Federman's legal representation in the guardianship proceeding and Eva Clark's death several years later (see e.g. Chong v New York City Tr. Auth., 83 AD2d 546 [1981]).

Accordingly the motion of Federman [to dismiss the complaint as against it] is granted in its entirety.

On a motion to dismiss for failure to state a cause of action, the court must afford the complaint a liberal construction and accord the plaintiff the benefit of every favorable inference (see Bailey v Chernoff, 45 AD3d 1113 [2007]). In this case, plaintiff has alleged, among other things, that employees at Menorah dispensed medication to Eva Clark in an unsafe manner and that such acts, as well as others, contributed to her death on August 27, 2005. Under the circumstances, the complaint states a viable cause of action for wrongful death against Menorah [footnote omitted]. Therefore, to the extent Menorah seeks dismissal of plaintiff's cause of action sounding in wrongful death, such relief is denied. Following discovery, said defendant may move for summary judgment, if it deems advisable.

3

On or about October 10, 2008, plaintiff commenced the instant action against F & M and Menorah.  As stated on the face of the summons, plaintiff avers that the nature of the current action at bar is abuse of process, negligence, malicious prosecution, defamation, libel, slander and fraud violations pursuant to RESPA, Real Estate Settlement.  As summarized by the court in its previous decision, the gravamen of the complaint, to the extent one can be gleaned from the disjointed, rambling and, at times, entirely incoherent averments asserted therein, once again appears to concern allegations of malicious prosecution and defamation, as well as additional claims sounding in abuse of process, fraud and, which allegedly arose out of defendants' efforts to confine Eva Clark against her wishes and to pursue unwarranted litigation against or involving plaintiff.

Such allegations, however, fail to state a cause of action as against F & M and Menorah.  Generally, "[o]n a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Fishberger v Voss*, 51 AD3d 627, 628 [2008]).  Therefore, "[s]uch a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action" (*Hartman v Morganstern*, 28 AD3d 423, 424 [2006]).  The statements supporting a cause of action, however, "must be sufficiently particular to give the court and parties notice of the transactions or occurrences to be proved and must support the material

4

deference to the decisions of the arbitrator" (*Matter of New York City Trans. Auth. v Transport Workers' Union of America, Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]).

Upon examining the transcript of the arbitration hearing and the arbitrator's decision, this court finds no indicia of irrationality, fraud or abuse of authority therein, and the papers submitted by Jelks do not establish otherwise. It is clear that Jelks was given a fair opportunity at the hearing to challenge the evidence submitted by plaintiff and to submit his own evidence to support his defense of payment. The arbitrator even afforded Jelks an additional two-week period following the conclusion of the hearing to make a complete accounting of his payments but no further evidence was submitted by Jelks within such time. While Jelks did submit an accounting and a statement on December 29, 2008, several weeks following the issuance of the arbitration decision, the arbitrator found that the additional submissions did not contradict or expand any findings in his report. The papers in support of Jelks' application to vacate the arbitration decision consist of little more than equivocal and conclusory allegations of fraud on the part of plaintiff and impartiality on the part of the arbitrator with no substantiating proof. To the extent Jelks seeks to revive and reargue his claims that plaintiff failed to comply with RESPA or other federal statutes, these claims are precluded by reason of the stipulation entered into by Jelks which discontinued the federal action in return for a reinstatement of the mortgage. A stipulation of discontinuance which specifies that it is "with prejudice" raises a presumption that the "stipulation is to be given res judicata effect in a future litigation" on the same cause of action (*North Shore -Long*

5

AD2d 277, 278 [2001]; *accord Matter of Garvin*, 210 AD2d 332, 333 [1994]). In addition, each of the foregoing elements must be supported by factual allegations sufficient to satisfy CPLR 3016 (b), which requires that such allegations "be stated in detail."

Here, the court finds that plaintiff has failed to state a cause of action within the four corners of the complaint and, therefore, said complaint is subject to dismissal. The complaint as currently pled is an amalgam of disparate and seemingly disjointed factual allegations concerning instances of misconduct which are insufficiently described in relation to the legal theories asserted, a number of actors who are not adequately identified with respect to their relevance, random, conclusory statements of wrongdoing, often incorporating bare legal conclusions, and citations to a number of index numbers and legal actions apparently connected in some way to various proceedings - spanning from 1999 to 2008 - in which plaintiff was or is either a named party or has been otherwise impacted by same. Accordingly, the factual allegations proffered in support of plaintiff's claims are not sufficiently particular to give notice to defendants of the specific transactions or occurrences alleged or how the claimed factual predicate for said claims relates to each statutory provision or common-law theory alluded to within the complaint. Rather, haphazard, general averments of wrongdoing populate same without providing any coherent factual framework related to the claims asserted therein. Given the plaintiff's purported reliance upon various iterations of a fraud theory of liability, the lack of

...gs with regard to same runs counter to the mandate of CPLR 3016 (b) requiring that the allegations underpinning such claims be stated in adequate detail. Likewise his defamation claims, including libel and slander, are bereft of the factual particularity necessary to state a cause of action (*see* CPLR 3016 [a]).

With respect to the "abuse of process" and "malicious prosecution claims asserted therein, plaintiff fails to elucidate, even in a general manner, the elements of each claim and the factual allegations underpinning same. It is well settled that malicious prosecution is "the malicious institution of judicial proceedings without probable cause for doing so which finally ends in failure" (*Curiano v Suozzi*, 63 NY2d 113, 118 [1984]). Although plaintiff cites to a number of legal actions and/or index numbers presumably related to himself and his abuse of process/malicious prosecution claims, he does not aver that any of these cases resulted in failure or, in most cases, which party commenced the complained of action or what specific alleged misconduct occurred with respect to each individual case. Rather, plaintiff has submitted some documents to the court in support of his opposition papers and "reply affirmations" which seem to indicate that, at least in one case, *Menorah Home v Godfrey Jelks*, Index No. 4461/03, Menorah Home prevailed in its effort to amend an outstanding judgment to include a declaration that a deed transferred from Eva Clark to plaintiff concerning certain real property was null and void. Abuse of process requires the use of regularly issued process, either civil or criminal, in a perverted manner with the intent to do harm without cause or justification in order to obtain a collateral objective (*id.* at 116-

7

mere commencement of an action by summons and complaint is not abuse of

process, and a malicious motive in bringing such action, without more, similarly is not

sufficient to give rise to an abuse of process cause of action (*id.* at 117). The allegations of

plaintiff in this regard lack specific factual detail as to any of the elements necessary to

plead a colorable abuse of process cause of action.

Moreover, it is not possible to glean from the complaint as pleaded which

allegations apply to each defendant separately or to all of them collectively, thereby further

undercutting the main purpose of a complaint: to provide notice to the court and defendants

of the specific transactions and occurrences intended to be proved and the material

elements of each cause of action asserted. Indeed, a number of different individuals -

including various court appointed guardians, law firms and their employees, representatives

of health care facilities and their employees, financial institutions and one Anton Brown who

is alleged to be responsible for various criminal acts - are identified by plaintiff as liable for

wrongdoing related to his claims, but are not named as defendants, and their connection to

F & M and Menorah is either tenuous, unexplained, conclusory, seemingly irrelevant or

nonexistent.

Although affidavit evidence may be utilized to remedy any defects in the underlying

complaint, no such affidavits have been submitted in this action (*see Rovello v Orofino

Realty Co., Inc.*, 40 NY2d 633, 635-636 [1976]["[A]ffidavits may be used freely to preserve

inartfully pleaded, but potentially meritorious, claims"]; *see also Uzzle v Nunzie v Nunzie*

8

*Ct. Homeowners Assn., Inc.,* 55 AD3d 723, 724 [2008]; *Sheridan v Carter,* 48 AD3d 444, 445 [2008]). Rather, plaintiff has submitted opposition papers and two so-called "reply affirmations" which merely reiterate factual averments and legal conclusions found in the complaint while adding a panoply of additional scattershot allegations incapable of rectifying the original complaint's myriad deficiencies.

The court is mindful of the liberality afforded to pleadings and plaintiff's potentially vulnerable *pro se* status. Nonetheless, the court is constrained to dismiss complaints where they cannot be deemed sufficiently particular to give the court and parties at least a modicum of notice of the transactions, occurrences, or series of transactions or occurrences involved and their relation to the material elements of each cause of action (*see* CPLR 3013; *see also Megna v Becton Dickinson & Co.,* 215 AD2d 542, 542 [1995], *lv dismissed and denied* 86 NY2d 868 [1995][affirming trial court's grant of motion to dismiss complaint where same "failed to adequately allege a cause of action, inasmuch as it was devoid of specific factual allegations and did not indicate the material elements of a claim and how they would apply to the case]; *Willis v Kepner,* 109 AD2d 950, 950-951 [1985][affirming grant of motion to dismiss based, in part, upon the particularity requirements of CPLR 3013 where plaintiffs had "compiled a long list of legal theories, ranging from nuisance and malpractice to escape, unlawful assembly and attempted murder, which are nonsensical and give no notice of the actions complained of" and, therefore, the complaint based upon same merely "put[] defendants on notice that plaintiffs have some type of grievance

9

against them"]). Indeed, "[i]t is essential that the statements in the pleadings enable the court and defendants to determine what activities the plaintiffs are complaining of" (*Willis*, 109 AD2d at 951). Moreover, "a litigant appearing *pro se* acquires no greater rights than any other litigant and such appearance may not be used to deprive . . . defendants of the same rights enjoyed by other defendants" (*Davis v Mut. of Omaha Ins. Co.*, 167 AD2d 714, 716 [1990][internal quotation marks and citation omitted]; *accord Roundtree v Singh*, 143 AD2d 995, 996 [1988] internal quotation marks and citation omitted]).

The court also notes that to the extent any allegations levied against F & M related to its handling of a guardianship petition with respect to Eva Clark in 2000-2001 are once again asserted in the instant complaint, any claims based thereupon sounding in negligence, fraud, defamation or malicious prosecution would, in any event, be barred by the applicable statute of limitations (*see* CPLR 213 [8], 214 [6], 215 [3]) and/or *res judicata*, having been previously dismissed upon this basis by prior order of the court (*see Silberstein, Awad & Miklos, P.C. v Spencer, Maston & McCarthy, LLP*, 43 AD3d 902, 903 [2007]["*Res judicata* precludes all claims which could have or should have been litigated in prior proceedings, even if the instant claims is based upon different theories or seeks a different remedy"]). Although the applicability of the relevant limitations periods and the doctrine of *res judicata* are more difficult to ascertain with respect to the allegations currently asserted as against Menorah Home, which include a number of factual claims not included in the previous complaint and refer to time periods of liability alleged to extend to 2008, the court already

10

has determined that the complaint at bar fails to state a cognizable cause of action as against Menorah Home.

The court declines, however, at this juncture, to issue a protective order prohibiting plaintiff from initiating any further litigation against F & M or Menorah Home without prior approval of the Administrative Judge of the court in which he seeks to bring that action. Although the plaintiff's prior lawsuit was dismissed in large part due to the expiration of the applicable statute of limitations, his wrongful death claim as against Menorah Home was not dismissed and the court does not wish to chill or deter any legitimate amended pleadings which may potentially be filed by plaintiff in that action. Moreover, although the court has determined that the complaint at bar fails to state a cause of action, it cannot say definitively, at this time, that the plaintiff does not have a cause of action which he may be able to articulate sufficiently to avoid dismissal in a future complaint as against either F & M or Menorah Home. However, the plaintiff is not authorized to engage in frivolous litigation or to harass defendants with same. Accordingly, the court denies that portion of the motion and cross-motion of F & M and Menorah Home seeking the aforesaid protective order with leave to renew upon the commencement of any further litigation by plaintiff which appears to warrant this court's re-evaluation of the propriety of the protective order requested.

11

At an IAS Term, Part 47 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse located at Civic Center,
Borough of Brooklyn, City and State of
New York, on the 7 day of
_MARCH_ , 2008.

PRESENT:  HON. DAVID I. SCHMIDT,          J.S.C.

STATE OF NEW YORK

SUPREME COURT          COUNTY OF KINGS

Index No.: 26448/2006

GREEN TREE CREDIT LLC F/K/A/ CONSECO
FINANCE CREDIT CORP.,

Assigned Justice:
Hon. David I. Schmidt

                              Plaintiff,

-v-

GODFREY JELKS, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF EVA T. CLARK,
CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD, HOME HEATING OIL, INC., and "JOHN/JANE
DOE #1" through "JOHN/JANE DOE #10",

**ORDER**

                              Defendants.

_____

        The plaintiff, Green Tree Credit LLC f/k/a Conseco Finance Credit Corp., by its

attorneys, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., having duly moved

this court for an order:  (1) pursuant to CPLR 603 and 9 U.S.C. §4 and/or CPLR

7503(a), severing the counterclaims and defenses interposed in the answer of

Defendant, Godfrey Jelks, dated October 16, 2006, staying the litigation of said

counterclaims and defenses and compelling Defendant Jelks to submit said

counterclaims and defenses to binding arbitration, pursuant to plaintiff's demand for

arbitration, dated November 10, 2006; (2) pursuant to CPLR 3212, granting summary

judgment to Plaintiff and against Defendant Jelks on the causes of action alleged in Plaintiff's complaint; and (3) granting to plaintiff a judgment by default against defendants, City of New York Environmental Control Board, Home Heating Oil, Inc., Geraldine Walker (sued herein as John Doe #1) and Frank Walker (sued herein as "John Doe #2"), pursuant to CPLR 3215; and the Court having read plaintiff's Notice of Motion, dated January 25, 2007, plaintiff's Memorandum of Law, dated January 25, 2007, the supporting affidavit of of plaintiff's attorney, Michael J. Catalfimo, Esq., sworn to January 25, 2007, the affidavit of merit of Dominic Baglio, sworn to January 18, 2007, and the plaintiff's Abstract of Calculation of Mortgage Debt as of May 16, 2007 in support of plaintiff's motion; the *Answer/Pro Se* statement of Defendant Jelks, dated February 14, 2007, and the untitled statement of Defendant Jelks, dated May 9, 2007 submitted in opposition thereto; and due deliberation having been given thereto and a written Memorandum Decision having been issued, a copy of which is annexed hereto;

NOW, on motion of Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Michael J. Catalfimo, Esq., of counsel, attorneys for Plaintiff, it is

ORDERED, that Plaintiff's motion for default judgment against defendants, City of New York Environmental Control Board, Home Heating Oil, Inc., Geraldine Walker (sued herein as John Doe #1) and Frank Walker (sued herein as "John Doe #2"), be, and the same is hereby granted in all respects; and it is further

ORDERED, that the litigation of Defendant Jelks's counterclaims and defenses is hereby permanently stayed, pursuant to 9 U.S.C. 3 and CPLR 7503(a); and it is further

ORDERED, that Plaintiff's motion to compel Defendant Jelks to submit the counterclaims and defenses interposed in the answer of Defendant Jelks to binding arbitration be, and the same hereby is granted, provided that the arbitration is held in a New York forum; and it is further

ORDERED, that plaintiff's motion for summary judgment against defendant, Godfrey Jelks, individually and as Executor of the Estate of Eva T. Clark, be, and the same hereby is held in abeyance pending a determination of the arbitrator with respect to the validity of Defendant Jelks's defenses and counterclaims, with the arbitrator to decide, *inter alia*:

(a) Whether Defendant, Godfrey Jelks, was in default under the Note and Mortgage, dated February 7, 2002, for failing to submit sufficient payments to Plaintiff on and after July 13, 2005;

(b) Whether Defendant, Godfrey Jelks, proffered to Plaintiff sufficient payments to reinstate the Note and Mortgage, dated February 7, 2002, pursuant to the Reinstatement Notice of October 21, 2005; and

FILED
KINGS COUNTY CLERK
2008 APR 15  AM 8:06

+ 0106862 000214807 076TA8 0937906 03282006

GODFREY JELKS
647 SHEFFIELD AVE
BROOKLYN NY 11207-6804

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub 535, Business Expenses.

Account number. May show an account or other unique number the payer has assigned to distinguish your account.

Box 1. Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: If you prepaid

interest in 2005 that accrued in full by January 15, 2... prepaid interest may be included in box 1. However, deduct the amount in 2005 even though it may be inc... 1. If you hold a mortgage credit certificate and can c... mortgage interest credit, see Form 8396, Mortgage In... If the interest was paid on a mortgage, home equity, or credit card loan secured by your personal residence subject to a deduction limitation.

Box 2. Not all points are reportable to you. Box 2 r... you or the seller paid this year for the purchase of y... residence that are required to be reported to you. Ge... points are fully deductible in the year paid, but you r... seller-paid points from the basis of your residence.... not reported in this box may also be deductible. See Schedule A (Form 1040) instructions.

Box 3. Do not deduct this amount. It is a refund (c... overpayment(s)) of interest you made in a prior year c... you...... itemized deductions in the year(s) you paid the intere... have to include part or all of the box 3 amount on th... income" line of your 2005 Form 1040. No adjustment year(s) tax return(s) is necessary. For more informatio... 936 and "Recoveries" in Pub. 525, Taxable and Nonta...

Box 4. The interest recipient may use this box to gi... information, such as the address of the property that debt, real estate taxes, or insurance paid from escro...

☐ **CORRECTED** (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2005** Form **1098** | |
|---|---|---|---|
| GREEN TREE SERVICING LLC<br>345 SAINT PETER STREET- L800<br>SAINT PAUL, MN 55102<br>1-800-643-0202 | | | |
| RECIPIENT'S Federal identification no.<br>41-1795868 | PAYER'S social security number<br>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 | 1 Mortgage interest received from payer(s)/borrower(s)*<br>$ 5,705.51 | The infor... 2, and... inform... for the Revenue... occupied... sanction if... you if the li... on us... |
| PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code | | 2 Points paid on purchase of principal residence (See Box 2).<br>$ | |
| GODFREY JELKS<br>647 SHEFFIELD AVE<br>BROOKLYN NY 11207-6804 | | 3 Refund of overpaid interest (See Box 3).<br>$ | overstate... this mort... these poi... did not re... lose |
| | | 4 | |
| | | Account number (see instructions)<br>883480352 | |

| RECIPIENT'S/LENDER'S name, address, and telephone no. | | | CORRECTED (if checked) | | |
|---|---|---|---|---|---|
| Green Tree Servicing LLC<br>PO Box 6076<br>Rapid City, SD  57709-6076<br>1-800-330-5183 | | **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901<br><br>**2004**<br><br>Form **1098** | | Mortgage Interest Statement |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* | Copy B For Payer |
|---|---|---|---|
| 41-1795868 | 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 | $ 16,586.16 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code

GODFREY JELKS
647 SHEFFIELD AVENUE
BROOKLYN NY 11207-6804

2 Points paid on purchase of principal residence (See Box 2 on back).

$

3 Refund of overpaid interest (See Box  3 on back).

$

4

Account number (optional)

6912837215

(Keep for your records.)

Form **1098**

Department of the Treasury - Internal Revenue Service

LN 6912837215

History
Customer: **Jelks, Godfrey**
Address: **647 Sheffield Avenue**
**Brooklyn, NY 11207**

Phone: **(718) 642-8032**
**(718) 649-5810**

| Effdate / User ID | Description | Amount / Due Date | Principal Bal After | Interest Bal After | Other Box | Frame | Reversal Origin |
|---|---|---|---|---|---|---|---|
| 28/2005 | Late Charge Assessed( 2001 ) | $30.67 | .00 + $153,480.80 | .00 + $9,685.98 | .00 | | Late Charge Ge |
| 9/2005 sal | Late Charge Waived( 2002 ) LATE FEES WAIVED PER LEGAL | $767.10 Feb 13, 2005 | .00 - $153,480.80 | .00 - $10,223.11 | $767.10 | | On Line Entry |
| 9/2005 | Loan Extension( 33 ) pb_loan_extension | $7,487.99 Feb 13, 2032 | $394.58 - $153,480.80 | $7,487.99 - $2,735.12 | .00 | | loan ex collect |
| 18/2005 19/2005 bbo | Cash Prin Cr Delinq Lat( 1011 ) part of 0518 rr 118.66 | $118.66 | $118.66 - $153,362.14 | .00 - $3,224.51 | .00 | | On Line Entry BD |
| 5/18/2005 5/19/2005 bbo | Late Chg Pmt Received( 1004 ) part of 0518 rr 61.34 | $61.34 Apr 13, 2005 | .00 - $153,362.14 | .00 - $3,224.51 | $61.34 | | On Line Entry BD |
| 5/25/2005 bru | Regular Payment( 1000 ) Mail wo 0525 | $50.00 Apr 13, 2005 | .00 - $153,362.14 | $50.00 - $3,467.89 | .00 | | On Line Entry |
| 5/25/2005 bru | Regular Payment( 1000 ) Mail wo 0525 | $100.00 Apr 13, 2005 | .00 - $153,362.14 | $100.00 - $3,367.89 | .00 | | On Line Entry |
| 5/25/2005 bru | Regular Payment( 1000 ) Mail wo 0525 | $100.00 Apr 13, 2005 | .00 - $153,362.14 | $100.00 - $3,267.89 | .00 | | On Line Entry |
| 5/25/2005 bru | Regular Payment( 1000 ) Mail wo 0525 | $1,283.53 Apr 13, 2005 | $67.98 - $153,294.16 | $1,215.55 - $2,052.34 | .00 | | On Line Entry |
| 5/28/2005 | Late Charge Assessed( 2001 ) | $30.67 | .00 + $153,294.16 | .00 + $2,199.02 | .00 | | Late Charge Ge |
| 6/28/2005 | Late Charge Assessed( 2001 ) | $30.67 | .00 + $153,294.16 | .00 + $3,665.59 | .00 | | Late Charge Ge |
| 7/8/2005 7/12/2005 bbo | Regular Payment( 1000 ) Frzn Pmts WO 0712 | $11.00 May 13, 2005 | .00 - $153,294.16 | $11.00 - $4,338.84 | .00 | | On Line Entry BD |
| 7/8/2005 7/12/2005 bbo | Regular Payment( 1000 ) Frzn Pmts WO 0712 | $25.00 May 13, 2005 | .00 - $153,294.16 | $25.00 - $4,313.84 | .00 | | On Line Entry BD |

## Payment Reconciliation
### 4/05 to present

8/22/2006

3348035

| Payment Due Date | Amount of Payment Due | | Date Payment Received | Payment Amount | | Month Payment Applied To | | Over-Payment to Suspense | |
|---|---|---|---|---|---|---|---|---|---|
| 4/13/2005 | $1,533.53 | | 5/25/2005 | 1,283.53 | | 4/13/2005 | | | |
| | | | 5/25/2005 | 100 | | 4/13/2005 | | | |
| | | | 5/25/2005 | 100 | | 4/13/2005 | | | |
| | | | 5/25/2005 | 50 | | 4/13/2005 | | | |
| Bill Total | | | | $1,533.53 | | | | | |
| | | | | | | | | | |
| 5/13/2005 | $1,533.53 | | 7/12/2005 | 1202 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 176 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 85 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 50 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 40 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 25 | | 5/13/2005 | | | |
| | | | 7/12/2005 | 11 | | 5/13/2005 | | | |
| Bill Total | | | | $1,589.00 | | | | 55.47 (over) | |
| | | | | | | | | | |
| 7/13/2005 | $1,533.53 | | 8/1/2005 | 55.47 | | 6/13/2005 | | 0 | |
| | | | 9/22/2005 | 286 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 220 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 208 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 113 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 100 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 40 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 40 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 35 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 30 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 12 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 12 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 11 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 10 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 8 | | 6/13/2005 | | | |
| | | | 9/22/2005 | 8 | | 6/13/2005 | | | |
| | | | | | | | | | |
| | | | 10/3/2005 | 482 | | 6/13/2005 | | | |
| Bill Total | | | | $1,670.47 | | | | 136.94 (over) | |
| | | | | | | | | | |
| 7/13/2005 | $1,533.53 | | 10/3/2005 | 136.94 | | 7/13/2005 | | 0 | |
| | | | 10/18/2005 | 400 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 200 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 100 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 54 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 40 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 32 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 23 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 22 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 20 | | 7/13/2005 | | | |

8/22/2006

## Payment Reconciliation
### 4/05 to present

| Remit Date | Amount of Payment Due | | Date Payment Received | Payment Amount | | Month Payment Applied To | | Over-Payment to Suspense | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 10/18/2005 | 17 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 15 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 15 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 13 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 10 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 10 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 8 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 8 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 7 | | 7/13/2005 | | | |
| | | | 10/18/2005 | 6 | | 7/13/2005 | | 396.59 Short | |
| Total | | | | $1,136.94 | | | | | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

GODFREY A. JELKS,

                    Plaintiff,

-against-

GREENTREE MORTGAGE CO,

                    Defendant.

Case No.: CV 04-3924

(ARR)
(LB)

STIPULATION OF
SETTLEMENT

      THIS STIPULATION OF SETTLEMENT is entered into by and between the plaintiff, GODFREY A. JELKS, an individual residing at 647 Sheffield Avenue, Brooklyn, New York 11207 [hereinafter "Plaintiff" or "Jelks"] and defendant, GREEN TREE CREDIT LLC, f/k/a/ CONSECO FINANCE CREDIT CORP., sued herein as GREENTREE MORTGAGE CO., a Delaware Limited Liability Company having offices and place of business at 332 Minnesota Street, St. Paul, Minnesota 55101 [hereinafter "Defendant" or "Green Tree"]. Plaintiff and Defendant are hereafter sometimes collectively referred to as the "Parties" and, individually, as "Party".

## R E C I T A L S :

    This Stipulation is entered into with reference to the following facts:

      A. Green Tree is the owner and/or servicer of a first Note and Mortgage, dated February 7, 2002, in the amount of $155,000.00 made by Plaintiff in favor of Conseco Finance Credit Corp. [hereinafter the "First Mortgage"]. The First Mortgage is recorded in the King's County Clerk's Office in Reel 5513 of Mortgages at Page 1228 and is a first lien on the Plaintiff's

.TALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P. O. BOX 184
GREENWICH, NY 12834
LEPHONE (518) 692-9645

residence at 647 Sheffield Avenue, Brooklyn, New York 11207.

B. Disputes have arisen between Jelks and Green Tree concerning the payment status and loan balance of the First Mortgage (including, inter alia, the appropriateness of certain charges made to Jelks's loan account for late fees, legal fees, accrued interest and deferred principal and interest payments) and certain rights claimed by Jelks under state and/or federal statutory and decisional law.  The disputes are set forth in the pleadings on file in an action for money damages and other relief commenced by Jelks in the United States District Court, Eastern District of New York, captioned: <u>Godfrey A. Jelks v. Greentree Mortgage Co.</u>,  Docket No.: CV 04-3924 [hereinafter the "Litigation"].  Green Tree has consistently and continuously denied these allegations and makes no admission of liability with respect to any claims made by Jelks.  All matters, claims and potential claims arising out of or relating to the subject matter of the Litigation, or which could have been raised in the Litigation, and all claims or potential claims relating to or arising out of the First Mortgage, known or unknown, existing between the Parties as of the effective date of this Stipulation, are collectively referred to herein as the "Disputes".

C. The Parties desire to settle, terminate and completely resolve, as between themselves, all of the Disputes, and further desire to terminate the Litigation.

NOW, THEREFORE, in consideration of entering into this Stipulation and the mutual promises and releases set forth below, and for the purposes of settling the Disputes and terminating the Litigation, Jelks and Green Tree hereby agree as follows:

<u>**SETTLEMENT TERMS**</u>

1. <u>**Adjustments to First Mortgage Loan Balance**</u>.  Green Tree shall make the following adjustments and changes to its records for the Plaintiff's First Mortgage loan account [the "Loan

Account" or the "Loan"] and the Note and Mortgage shall be deemed modified and amended accordingly:

    **(a) Alleged Late Charges Waived**.  The alleged late charges or fees currently assessed to the Loan Account, in the sum of $767.10, will be waived and the balance of delinquent amounts now owing under the First Mortgage shall be reduced by that amount. (Plaintiff disputes that these payments were late.)

    **(b) Legal Fees Waived**.  The legal fees currently assessed to the Loan Account, in the sum of $1,340.00, will be waived and the balance of delinquent amounts now owing under the First Mortgage shall be reduced by that amount.

    **(c) Remaining Arrears Reduced and Deferred**. After allowing to the Plaintiff the credits for late charges and legal fees provided for in subparagraphs 1(a) and (b) above and a further credit for a $180.00 payment previously made by Plaintiff which has been held "in suspense" by Defendant pending the resolution of the Disputes, the Parties agree that there remains a balance of delinquent amounts now owing by Plaintiff under the First Mortgage of approximately $13,448.45.  This balance of delinquent amounts [hereinafter the "Arrears Amount"] is hereby reduced to $9,768.00 and payment of said balance is deferred and extended until the earlier of: i) the maturity date of the First Mortgage (i.e., February 13, 2032); ii) the date, if any, following the date of this Stipulation that the Plaintiff exercises his right to pre-pay the First Mortgage in full; or iii) the date, if any, that the holder or servicer of the First Mortgage elects to declare the entire Loan balance due and owing based upon the occurrence, after the date of this Stipulation, of an event of default under the First Mortgage.  Simple interest on the Arrears Amount may, at the option of the holder or servicer of the Loan, be charged at the

ATALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P.O. BOX 184
GREENWICH, NY 12834
TELEPHONE (518) 692-9645

-3-

ordinary interest rate of 11.488% per annum provided for in the Note and Mortgage (The Parties acknowledge and agree that no different "default interest rate" is provided for in the Note and Mortgage and that the rate of interest charged on the Deferral Amount after the occurrence of a subsequent event of default under the First Mortgage, shall not exceed the rate of 11.488% per annum).

(d) **Loan Account Returned to Current Status**. The Plaintiff's Loan Account is hereby returned to "current" status. The Plaintiff's next regular monthly principal and interest payment, in the sum of $1,533.53, is due and owing on April 13, 2005; and Plaintiff acknowledges his obligation to timely make this payment, and all subsequent payments coming due after the date of this Stipulation under the terms of the First Mortgage.

(e) **Cash Payment**. Green Tree shall, within thirty (30) days of the entry of an order approving this Stipulation and dismissing the Litigation, pay to Jelks the sum of $200.00.

2. **Dismissal of the Litigation**. The Parties consent that the Litigation be dismissed by the entry of an order in the form annexed hereto as Exhibit "A."

3. **Releases**. (a) Except with respect to Jelks's Reserved Rights described in paragraph 4(a) below, Jelks does hereby release and discharge Green Tree Credit LLC (sued herein as Greentree Mortgage Co), its predecessors (including, without limitation, Conseco Finance Servicing Corp., Conseco Finance Credit Corp. and Conseco Finance Corporation), successors, assigns, stockholders, officers, directors, parents, subsidiaries, affiliates, related entities (including Green Tree Servicing LLC, formerly known as Conseco Finance Servicing Corp.) and employees [collectively the "Green Tree Releasees"] from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,

ATALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P. O. BOX 184
GREENWICH, NY 12834
ELEPHONE (518) 692-9645

-4-

controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Green Tree Releasees, Jelks ever had, now has, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, including, without limitation, any claim or claims which were asserted or could have been asserted in the Litigation, or which arise out of or are in any way related to the Disputes.

(b) Except with respect to Green Tree's Reserved Rights described in paragraph 4(b) below, Green Tree, its predecessors, successors, parents, subsidiaries, affiliates, related entities, officers, directors, shareholders, agents, employees and assigns, does hereby release and discharge Jelks, and his heirs, executors or administrators, successors and assigns, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which against Jelks, Green Tree, its successors and assigns, ever had, now has, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, including, without limitation, any claim or claims which were asserted or could have been asserted in the Litigation, or which arise out of or are in any way related to the Disputes.

4. **Reservation of Rights**.  (a) Notwithstanding anything hereinabove or hereinafter contained to the contrary, this Stipulation is not intended, and shall not be deemed or construed to constitute or effect a waiver, release or relinquishment by Jelks of the following rights

ITALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P. O. BOX 184
GREENWICH, NY 12834
TELEPHONE (518) 692-9645

-5-

[hereinafter "Jelks's Reserved Rights"]:

     (i) the right, from and after the date of this Stipulation, to enforce the terms and provisions of this Stipulation; and

     (ii) the right, from and after the date of this Stipulation, to enforce the terms and provisions of the First Mortgage, as modified and extended by this Stipulation.

     (b) Notwithstanding anything hereinabove or hereinafter contained to the contrary, this Stipulation is not intended, and shall not be deemed or construed to constitute or effect a waiver, release or relinquishment by Green Tree of the following rights [hereinafter "Green Tree's Reserved Rights"]:

     (i) the right, from and after the date of this Stipulation, to enforce the terms and provisions of this Stipulation; and

     (ii) the right, from and after the date of this Stipulation, to enforce the terms and provisions of the First Mortgage, as modified and extended by this Stipulation (including, without limitation, the right to foreclosure the lien of the First Mortgage and exercise its other rights and remedies in the event of a subsequent default by Jelks in the due and timely performance of his obligations thereunder).

    5. **Representation and Covenant Not to Sue**.  The Parties hereby represent and agree that, with the exception of the Litigation, they have not filed or pursued, nor will they file or pursue any charges, suits, complaints, grievances or other actions which assert, arise out of, or are in any way related to the claims released under this Stipulation; provided, however, that this paragraph shall not apply to:  (a) any action or claim to enforce the terms of this Stipulation; or (b) any action or claim to enforce or exercise the Reserved Rights described in paragraph "4" of

ATALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P. O. BOX 164
GREENWICH, NY 12834
ELEPHONE (518) 692-9645

this Stipulation; or (c) any action or claim to obtain judicial redress for an act or omission of a Party occurring after the effective date of this Stipulation.

6. **Effect of Settlement**.  This Stipulation of Settlement shall be in full settlement of all of the Disputes.  Neither Party shall be entitled to costs or an award of attorney's fees arising out of the Disputes or the Litigation.

7. **Inurement**.  This Stipulation and the agreement set forth herein shall inure to the benefit of and shall be binding upon the Parties and their respective agents, attorneys, representatives, predecessors, successors, affiliates, subsidiaries, officers, directors, employees, heirs and assigns.

8. **Voluntary Settlement**.  The Parties hereby represent that they have read this Stipulation and understand it.  The Parties further represent that they have entered into this Stipulation of their own free will and accord, relying on their own judgment and the advice of their counsel; and that they have not been induced to enter into this Stipulation by, and expressly disclaim any reliance upon, any statement, act, promise, undertaking, or representation of any kind or character made by any Party or its attorneys or agents prior to the effective date of this Stipulation, except as expressly set forth herein.

9. **Advice From Independent Counsel**.  Each party understands that by executing this Stipulation in the appropriate place, it is entering into a legally binding contract that affects its rights.  Plaintiff represents to Green Tree that he has had adequate time and opportunity to consult with legal counsel of his own choosing with respect to the meaning of this Stipulation and its effect upon Plaintiff's rights; that he has either consulted with counsel of his choosing, or has knowingly and voluntarily chosen not to do so; and that he is familiar with and understands

TALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P.O. BOX 184
GREENWICH, NY 12834
PHONE (518) 692-9645

-7-

the provisions of this Stipulation.

10. **Counterparts**.  This Stipulation may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. **Interpretation**.  Green Tree and Jelks each acknowledge that they have had the opportunity to participate in the drafting of this Stipulation and to receive the benefit and input of counsel in connection therewith.  Accordingly, any rule of construction, interpretation or otherwise to the effect that ambiguities contained in the Agreement shall be resolved against the drafting party shall not be invoked or relied upon in connection with the interpretation of this Stipulation.

12. **Cooperation**.  Each of the parties hereto shall use its best efforts to take or cause to be taken, and to cooperate with the other party hereto, to the extent necessary, with respect to all actions, and to do, or cause to be done, consistent with applicable law, all things necessary, proper or advisable to consummate and make effective the provisions of this Stipulation.

13. **Authority to Execute**.  Each Party represents, warrants and covenants that said Party has full and complete authority and authorization to execute and effect this Stipulation, and to take or cause to be taken all acts contemplated by this Stipulation.

14. **Confidentiality**.   Plaintiff agrees that, from the date this Stipulation is executed by him, the terms and provisions contained in this Stipulation and the payments and credits made or given in connection therewith shall remain confidential and Plaintiff shall not discuss, disclose or publicize the terms of this Stipulation to any person or third party, other than his attorneys, accountants, tax advisors, the Internal Revenue Service, or any Court or tribunal.  This

TALFIMO & CATALFIMO
ATTORNEYS AT LAW
18 HILL STREET
P. O. BOX 184
GREENWICH, NY 12834
LEPHONE (518) 692-9645

-8-

*Payoff Figures (122)*

STATE OF NEW YORK

SUPREME COURT          COUNTY OF KINGS

GREEN TREE CREDIT LLC F/K/A CONSECO
FINANCE CREDIT CORP.,                                      Index No.: 26448/06

                                    Plaintiff,             R.J.I. No.:

   -v-                                                     Assigned Justice:
                                                          Hon. David I Schmidt
GODFREY JELKS, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF EVA T. CLARK,
CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, HOME HEATING OIL, INC.,
and "JOHN DOE #1" through "JOHN DOE #10",                 ABSTRACT OF CALCULATION
                                                          OF MORTGAGE DEBT AS OF
                                    Defendants.           MAY 16, 2007

---

1.  The principal balance due on Plaintiff's mortgage totals **$153,091.78** as of

May 16, 2007. This fact has been admitted by Defendant Jelks in Paragraph "3" of his

untitled pleading, dated May 9, 2007 [hereinafter referred to as "Jelks's Objection"].

2.  The accrued interest due and owing through May 16, 2007 totals **$32,624.48.**

This amount consists of (a) $146.72 in accrued interest due as of the date of default

(July 13, 2005); and (b) $32,477.76 in interest accrued from July 13, 2005 through May

16, 2007 (i.e. 672 days at $48.33 per day).

3.  The total amount of late charges due through May 16, 2007 totals **$582.73.**

This amount consists of late fees in the amount of 2% of each unmade payment due

($1,533.33) from September 1, 2005 through April 1, 2007 (i.e. 19 months at $30.67

per month).

518-465-1843                T-335   P.004/022   F-151

06:26PM    FROM-Carter Conboy



4.  Because of the short notice provided by Defendant Jelks, Attorneys for Plaintiff were not able to obtain corroboration of the $142.00 due for property protection and appraisal costs disbursed by Plaintiff.

5.  There is a balance due of $9,768.00 in deferred payments due and owing as of the date of Plaintiff's Complaint pursuant to Paragraph "1(c)(iii)" of a Stipulation of Settlement entered in an action commenced by Defendant Jelks against Green Tree Mortgage Company in the United Stated District Court, Eastern District of New York under Case No.: CV-04-3924. A true and correct copy of said Stipulation is annexed hereto as Exhibit "A".

6.  The balance due of $5,074.77 for Foreclosure Costs and Expenses billed as of April 24, 2007 represent only the amounts billed to Plaintiff by Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. and not any amounts billed by the law Offices of Cohen & Roth. Plaintiff has chosen to waive any amounts paid to Cohen & Roth.

7.  In Paragraph "4" of Defendant Jelks's Objection, Defendant Jelks demands an accounting of all payments received by Plaintiff.  Defendant has already been provided with such an accounting on or after August 22, 2006 by the Law Offices of Cohen and Roth [See Exhibit "B" annexed hereto].

| n Date | Back date | Due Satisfied | Total Payment | Principal | Interest | Description |
|---|---|---|---|---|---|---|
| 2005...3 | 5/25/2005 | 4/13/2005 | $100.00 | | $100.00 | Customer Payment |
| /2005 | 5/25/2005 | 4/13/2005 | $100.00 | | $100.00 | Customer Payment |
| /25/2005 | 5/25/2005 | 4/13/2005 | $50.00 | | $50.00 | Customer Payment |
| /25/2005 | 5/25/2005 | 4/13/2005 | $1,283.53 | $67.98 | $1,215.55 | Customer Payment |
| 5/28/2005 | | | -$30.67 | | | Late Fee assessed |
| 5/28/2005 | | | | | | Late Fee assessed |
| 6/28/2005 | | | -$30.67 | | | Late Fee assessed |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $50.00 | | $50.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $85.00 | | $85.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $25.00 | | $25.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $11.00 | | $11.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $40.00 | | $40.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $176.00 | | $176.00 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 5/13/2005 | $1,202.00 | $68.64 | $1,077.89 | Customer Payment |
| 7/12/2005 | 7/8/2005 | 6/13/2005 | | | $55.47 | Customer Payment |
| 7/28/2005 | | | -$30.67 | | | Late Fee assessed |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $8.00 | $8.00 | $0.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $10.00 | $2.98 | $7.02 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $40.00 | $0.00 | $40.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $30.00 | $0.00 | $30.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $100.00 | $0.00 | $100.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $220.00 | $0.00 | $220.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $286.00 | $0.00 | $286.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $208.00 | $0.00 | $208.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $12.00 | $0.00 | $12.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $11.00 | $0.00 | $11.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $35.00 | $0.00 | $35.00 | Customer Payment |
| 9/22/2005 | 9/1/2005 | 6/13/2005 | $113.00 | $0.00 | $113.00 | Customer Payment |
| 9/22/2005 | 9/13/2005 | 6/13/2005 | $12.00 | $0.00 | $12.00 | Customer Payment |
| 9/22/2005 | 9/13/2005 | 6/13/2005 | $8.00 | $0.00 | $8.00 | Customer Payment |
| 9/22/2005 | 9/13/2005 | 6/13/2005 | $40.00 | $0.00 | $40.00 | Customer Payment |
| 10/3/2005 | 9/26/2005 | 6/13/2005 | $482.00 | $0.00 | $345.05 | Customer Payment |
| 10/3/2005 | 9/26/2005 | 7/13/2005 | $0.00 | $67.29 | $69.65 | Customer Payment |
| 10/11/2005 | | | $1,750.00 | | | Legal Fee assessed |
| 10/11/2005 | | | $50.00 | | | Legal Fee assessed |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $10.00 | $0.00 | $10.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $7.00 | $0.00 | $7.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $15.00 | $0.00 | $15.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $15.00 | $0.00 | $15.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $17.00 | $0.00 | $17.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $23.00 | $0.00 | $23.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $13.00 | $0.00 | $13.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $40.00 | $0.00 | $40.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $22.00 | $0.00 | $22.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $32.00 | $0.00 | $32.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $54.00 | $0.00 | $54.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $400.00 | $0.00 | $400.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $20.00 | $0.00 | $20.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $6.00 | $0.00 | $6.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $8.00 | $0.00 | $8.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $200.00 | $0.00 | $200.00 | Customer Payment |
| 10/18/2005 | 10/11/2005 | 7/13/2005 | $100.00 | $0.00 | $100.00 | Customer Payment |
| 10/18/2005 | 10/8/2005 | 7/13/2005 | $8.00 | $0.00 | $8.00 | Customer Payment |
| 10/18/2005 | 10/7/2005 | 7/13/2005 | $10.00 | $0.00 | $10.00 | Customer Payment |
| 10/28/2005 | | | $13.50 | | | Appraisal Fee Assessed |
| 1/10/2006 | | | $71.00 | | | Returned to Borrower |
| 1/10/2006 | | | $26.00 | | | Returned to Borrower |
| 1/10/2006 | | | $20.00 | | | Returned to Borrower |
| 1/10/2006 | | | $16.00 | | | Returned to Borrower |
| 1/10/2006 | | | $50.00 | | | Returned to Borrower |
| 1/10/2006 | | | $25.00 | | | Returned to Borrower |
| 1/10/2006 | | | $37.00 | | | Returned to Borrower |
| 1/10/2006 | | | $35.00 | | | Returned to Borrower |
| 1/10/2006 | | | $20.00 | | | Returned to Borrower |

## **FACTS**

1. On February 7, 2002, Defendant, Godfrey Jelks ("Defendant Jelks"), for the purpose of securing the payment to Conseco Finance Credit Corp. ("Conseco") of $155,000.00, with interest thereon, duly executed, acknowledged and delivered to Conseco a certain Multipurpose Fixed Rate Note and a certain real property mortgage (individually, the "Note" and the "Mortgage", and collectively, the "Note and Mortgage" or the "Loan Documents") whereby he bound himself in the amount of said sum of money and mortgaged to Conseco the premises located at, and commonly known as, 647 Sheffield Avenue, Brooklyn, New York as collateral security for the payment of said indebtedness, under certain conditions, with rights, duties and privileges between or among them, all as more fully appears, together with the terms of repayment of said indebtedness, in said Note and Mortgage.

2. On June 10, 2003, Conseco was merged with and into Green Tree Credit LLC, pursuant to the provisions of Section 1001 of the New York Limited Liability Company Law.

3. By reason of said merger, Conseco's interest in the Note and Mortgage became vested in, and the property of, the plaintiff, pursuant to Section 1004 of the New York Limited Liability Company Law.

4. In or about August of 2004, various disputes arose between Defendant Jelks and Plaintiff concerning the payment status and loan balance of the Note and Mortgage (including, inter alia, the appropriateness of certain charges made to Defendant Jelks's loan account for late fees, legal fees, accrued interest and deferred

10.     On July 8, 2005 Plaintiff received seven different checks or money orders from Defendant Jelks, totaling $1,589.00, which it applied to the May 13, 2005 loan payment, leaving the loan due and owing for June 13, 2005.

11.     On July 26, 2005, Plaintiff sent a Notice of Default to Defendant Jelks following his failure to make the payments of $1,533.53 each which were due and owing on June 13, 2005 and July 13, 2005.

12.     On September 1, 2005, Plaintiff received from Defendant Jelks 15 checks and/or money orders totaling $1,133.00, which it applied to the June 13, 2005 loan payment, leaving the loan still due and owing for June, 2005.  This payment was insufficient to cure the default referenced in the July 26, 2005 Notice of Default.

13.     On September 20, 2005, Plaintiff referred Defendant Jelks's loan to outside counsel for legal action.

14.     On September 26, 2005 Plaintiff received a payment of $482.00 from Defendant Jelks, which it applied to the June 13 and July 13, 2005 loan payments, leaving the loan due and owing for July, 2005.

15.     On October 5, 2005, Plaintiff paid invoices for legal services and disbursements from its outside attorneys, Cohn & Roth, totaling $1,800.00, which amount was assessed to Defendant Jelks's loan pursuant to Paragraph 15 of the Mortgage.

16.     On October 7, 2005 Plaintiff received nineteen (19) payments from Defendant Jelks, totaling $1,000.00, which it applied to the July 13, 2005 loan payment, leaving the loan still due and owing for July, 2005.

17.    On or about October 21, 2005, Green Tree sent a second Notice of Default to Defendant Jelks, informing him that his loan balance would be accelerated if the default was not cured by November 25, 2005.  No further payments were received from Defendant Jelks by this date.

18.    On or about November 25, 2005, Plaintiff's attorneys, Cohn & Roth, sent Defendant Jelks an acceleration letter, informing him of Plaintiff's election to declare the loan immediately due and payable in full.

19.    At no time following the issuance to Defendant Jelks of the first Notice of Default on July 26, 2005 did Defendant Jelks ever tender to Plaintiff an amount of money sufficient to cure the payment default which existed under the loan documents on that date; at no time following the issuance of the second Notice of Default on October 21, 2005 did Defendant Jelks ever tender to Plaintiff an amount of money sufficient to cure the payment default which existed under the loan documents on that date; and at no time following the acceleration of Defendant Jelks's loan has Defendant Jelks ever tendered to Plaintiff the balance due and owing under the loan instruments.

20.    On or about January 10, 2006, Plaintiff received sixteen (16) checks or money orders from Defendant Jelks, totaling $533.00, which Plaintiff returned to Defendant Jelks due to the loan having been accelerated on November 25, 2005.

21.    Submitted herewith as Exhibit "J" is a summary of the payment history of Defendant Jelks's loan from April 13, 2005 through and including the January 10, 2006.

-4-

| | $100.00 | | $100.00 | Customer Payment |
| 1/2005 | $100.00 | | $50.00 | Customer Payment |

205

## PROCEDURAL HISTORY

22.    On September 1, 2006, the above-captioned mortgage foreclosure action was commenced by Plaintiff against Defendant Jelks and others (the "Foreclosure Action").

23.    On or about October 16, 2006, Defendant Jelks served an answer in the Foreclosure Action, asserting counterclaims and defenses against the Plaintiff (the "Answer With Counterclaims").

24.    On November 8, 2006, the firm of Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. was substituted as attorneys of record for Plaintiff.

25.    On November 10, 2006 a Demand for Arbitration was duly served by Plaintiff's attorneys upon Defendant Jelks, pursuant to CPLR §7503(c).

26.    On November 10, 2006, Plaintiff's Verified Reply to Jelks' "Counterclaim was duly served upon Defendant Jelks.

27.    On or about November 29, 2006, Defendant Jelks served upon Plaintiff's attorneys a document captioned "Motion to Dismiss Claim, Oppose Attorney Change Oppose Arbitration" to deponent.

28.    On March 7, 2008 an order was made in the Foreclosure Action (the "Arbitration Order"), permanently staying the litigation of Defendant Jelks's affirmative defenses and counterclaims against the Plaintiff and directing that the same be submitted to binding arbitration.

29.    By written consent, signed by Plaintiff on May 22, 2008 and by Defend Jelks on May 31, 2008, Plaintiff and Defendant Jelks consented to the appointment

206

Jeffrey L. Saltiel, Esq. to serve as Arbitrator of the issues set forth in the Arbitration
Order.

30.    By letter dated July 21, 2008, Plaintiff's attorneys submitted to the
Arbitrator the following pleadings and papers with respect to the arbitration of
Defendant Jelks's defenses and counterclaims, the content of which is hereby
incorporated by reference into this submission as though hereinafter set forth in its
entirety:

    (a)    Plaintiff's original notice of motion, dated January 25, 2007, with
supporting affidavits, exhibits and proof of mailing annexed;

    (b)    Plaintiff's memorandum of law, dated January 25, 2007;

    (c)    Plaintiff's supplemental affidavit of mailing, sworn to February 1, 2007;

    (d)    Respondent's opposition to Plaintiff's motion, dated February 14, 2007;

    (e)    Notice of Cross-Motion of defendant, Grace Colson, Esq., dated February
6, 2007, with supporting affidavit and exhibits annexed;

    (f)    Affidavit in response to cross-motion, sworn to February 16, 2007, with
exhibit and proof of mailing annexed;

    (g)    Reply to cross-motion, sworn to March 15, 2007, with exhibit annexed;

    (h)    Document submitted by Defendant in response to affidavit in opposition to
cross motion, dated March 9, 2007;

    (i)    Order of the Court (Schmidt, J.), dated March 21, 2007;

    (j)    Document submitted by Defendant in response to payoff letter, dated May
9, 2007;

    (k)    Abstract of Calculation of Mortgage Debt as of May 16, 2007;

    (l)    Document submitted by Defendant in response to Abstract of Calculation
of Mortgage Debt , dated June 16, 2007;

    (m)    Memorandum Decision and Order (Schmidt, J.), dated August 22, 2007;

-6-

(n)     Order (Schmidt, J.), dated March 7, 2008;

(o)     Original Consent to Appointment of Arbitrator, dated May 22, 2008; and

(p)     Check Number 1845307 in the amount of $1,500.00, representing the advance retainer to be applied to your fees as arbitrator.

31.     Upon information and belief, Defendant Jelks has not, to date, submitted any pleadings or papers to the Arbitrator in support of his position.

## PLAINTIFF'S POSITION

### POINT I

### THE DEFENSES AND COUNTERCLAIMS ASSERTED BY DEFENDANT JELKS IN THE FORECLOSURE ACTION LACK MERIT AS A MATTER OF LAW AND SHOULD BE DISMISSED.

A.     *Defendant Jelks's Inadequate and Conditional Tender Offers Do Not Constitute A Defense to Plaintiff's Mortgage Foreclosure Action*

It is difficult to ascertain the exact nature of the defenses and counterclaim Defendant Jelks may be attempting to articulate in his Answer With Counterclaims. Th attachment of more than fifty (50) copies of various checks as an exhibit to the pleadir suggests, however, that Defendant Jelks may be trying to prove a defense of "tender ar refusal." If so, this defense should be dismissed for the reasons now discussed.

A party asserting "tender and refusal" as a defense to a mortgage foreclosure acti bears the burden of setting forth evidentiary proof in admissible form establishing t material elements of the defense. National Savings Bank of Albany v. Hartmann, 1

-7-

206

.D.2d 76, 78 (3rd Dept. 1992); Home Savings Bank of America, FSB v. Isaacson, 240 A.D.2d 633 (2nd Dept. 1997). A valid tender requires an actual proffer of all mortgage arrears to the time the tender is made, including all applicable interest and other charges due under the mortgage. National Savings Bank, supra, 179 A.D.2d at 77; Home Savings Bank, supra, 240 A.D.2d at 633; United Companies Lending Corporation v. Hingos, 283 A.D.2d 764, 765-66 (3rd Dept. 2001) (holding that the mortgagors' failure to tender funds sufficient to bring their mortgage loan current "neutralized" the defense of tender, even though the mortgagee had previously accepted delinquent payments). Furthermore, the tender of arrears, interest and charges must be unconditional (Cardella v. Giancola, 297 A.D.2d 618, 619 (2nd Dept. 2002)), and a mortgagee's acceptance of a partial tender does not preclude the mortgagee from proceeding with foreclosure if the balance of all mortgage arrears is not paid. D'Ull v. 1872 Monroe Avenue Housing Development Fund Corp., 172 A.D.2d 181, 182 (1st Dept. 1991). Finally, if a dispute arises between a mortgagor and mortgagee as to whether a charge is properly due under the mortgage agreement, the mortgagor's failure to pay the disputed charge precludes a finding that tender was made. NF Acquisitions, LLC v. Oakdale Motorsports, Inc., 12 Misc.3d 1185(A), 2006 WL 2055741 (N.Y. Sup), 2006 N.Y. Slip Op. 51455 (unpublished slip opinion) (holding that: "the movar could have paid the full amount to the plaintiff or paid the money into court and sought ruling on the disputed amount).

    To establish a defense of tender and refusal, Defendant Jelks must show, by pr in evidentiary form, that he unconditionally proffered to Plaintiff the full amount of mortg arrears owing at the time the tender was made (including all applicable interest and c

-8-

# Green Tree Credit LLC

7360 S. Kyrene Road
Tempe, Arizona 85283

October 21, 2005

Godfrey Jelks
647 Sheffeld Avenue
Brooklyn, New York  11207

|            |                                                              |
|------------|--------------------------------------------------------------|
| Re:        | Green Tree Credit LLC f/k/a Conseco Finance Credit Corp.      |
|            | v. Godfrey Jelks                                             |
| Premises:  | 647 Sheffeld Avenue, Brooklyn, New York                      |
| Loan No.:  | 88348035                                                     |

Dear Mr. Jelks :

   GREEN TREE CREDIT LLC F/K/A CONSECO FINANCE CREDIT CORP is the
Holder and services  the above referenced loan. Your loan is in default because you failed to
make the required payments. The total amount required to reinstate your loan and cure your
default, as of the date of this letter, is as follows:

   **Total Amount Due       $ 8,584.06**

   You have the right to cure this default. To cure the default, you must pay, on or before,
the above referenced sum plus any additional regular monthly payment, late charges and/ or fees
which become due on or before **November 25, 2005.**

   In the event you pay the amount set forth above, in a timely fashion, but said payment is
returned for insufficient funds or for any other reason, your default will not be cured. No
extension of time to cure will be granted as a result of the returned payment.

   **GREEN TREE CREDIT LLC.** reserves the right to accept or reject a partial payment of
the total amount due without waiving its right to proceed with foreclosure.

   Your failure to cure the default, on or before **November 25, 2005** will result in
acceleration of your outstanding debt. This means that the outstanding debt is immediately due
and payable and foreclosure proceedings may be commenced.

   Therefore, failure to cure the default may result in the foreclosure and sale of the
property as well as a deficiency judgment against you if permitted by law. You have the right, in
any lawsuit for foreclosure and sale, to argue that you did keep your promises and agreements
under the note and mortgage/security agreement and to present any other defenses you may have.

Jelkes

You may, if permitted by law or your loan documents, have the right to cure your default after the acceleration of your payments and prior to the foreclosure sale of your property by paying all amounts past due prior to any foreclosure sale. However, you will be responsible to pay, subject to court approval, any additional expenses incurred by GREEN TREE CREDIT LLC., including, but not limited to, court costs, additional allowances, disbursements of the foreclosure action and reasonable attorneys' fees as provided for in the loan documents and by applicable law.

Pursuant to your loan documents, and because your loan is in default, GREEN TREE CREDIT LLC., may, at its option, enter upon and conduct an inspection of your property. The purpose of this inspection is to observe the physical condition of your property to verify that the property is occupied and/or to determine the identity of the occupant. You will be responsible for the cost of any such inspection.

Should you dispute the validity of the debt or any portion thereof, in writing, within thirty (30) days after receipt of this notice, verification of the amount due will be provided as soon as possible.

Unless you dispute the validity of the debt, or any portion thereof within thirty (30) days after receipt of this notice, the debt will be assumed to be a valid debt.

Should you wish to obtain the name and address of the original creditor to whom this debt was owed, if different from the creditor named herein, you must request in writing, within thirty (30) days from the date of this letter, the name and address of the original creditor.

Upon receipt of said request, the information will be forwarded to you.

This letter is an attempt to collect the aforementioned debt, and any information obtained will be used for that purpose.

Very truly yours,

Green Tree Credit LLC.

**THIS LETTER IS AN ATTEMPT TO COLLECT A**
**INFORMATION OBTAINED WILL BE USED FOR**

in
.s
have.

STATE OF NEWYORK )

COUNTY OF KINGS ) ss.:

GODFREY A JELKS , being duly sworn, deposes and says(s) he

Is the OWNER of Three Family House located at 647 Sheffield Avenue

Brooklyn,NY, where Eva T Clark is a life tenant; he has produced a

VERIFIED COMPLAINT to be submitted to US DISTRICT COURT

EASTERN DISTRICT

Dated March 15,2004 3

STATE OF NEW YORK , COUNTY OF KINGS:

ON THE 1st DAY OF March 13 2004, before me personally

Came GODFREY A JELKS , to me know, who, by me duly

Sworn, did depose and say that deponent has resided at,

647 Sheffield Ave. Brooklyn,New York

HORACE GISCOMBE
NOTARY PUBLIC, State of New York
No. 01GI6087589
Qualified in Kings County
Commission Expires November 2015